**In re HASBRO, INC., Relator.**

No. 05–02–01817–CV.

Court of Appeals of Texas, Dallas.

March 7, 2003.

Robert Edwin Thackston, Jenkens & Gilchrist, Dallas, for Relator.

Michael Louis Kaeske, Kaeske Reeves, L.L.P., Dallas, for Real Parties in Interest.

Before Chief Justice THOMAS, Justices O'NEILL and LANG.

### OPINION

Opinion by Justice LANG.

Hasbro filed a petition for writ of mandamus with this Court on November 19, 2002 contending the trial judge erred in his ruling as follows (1) determining that several documents, including document 903, were not protected from disclosure by the attorney-client or work product privileges, (2) turning over a copy of document 903 submitted to the trial court for in camera inspection to opposing counsel without holding a hearing or notifying Hasbro that it would be giving document 903 to opposing counsel and, (3) ordering one of relator's corporate representatives to testify about document 903. Hasbro sought temporary relief from this Court staying the release of the documents, return of document 903, and preventing any

questioning of Hasbro's company representative about document 903. Hasbro requested a writ of mandamus ordering the trial judge to (1) vacate his order compelling disclosure of the documents, including 903, and (2) enter an order (a) ruling the documents, including 903, were privileged, (b) requiring return of document 903, and (c) prohibiting questioning of any witness about document 903. In accordance with the requirements of appellate rule 52.3, counsel for Hasbro, Edward M. Slaughter, verified, under oath and based upon his personal knowledge, the factual statements made in the petition are true and correct.

In their response to the petition, real parties in interest Melinda Jones and Markham Goode Jones (Jones) argue the trial court did not clearly abuse its discretion in ordering production of the documents, including document 903, and turning over a copy of document 903 to them so the writ should be denied. Jones requests this Court impose sanctions against Hasbro under appellate rule 52.11 for omitting documents necessary to this Court's decision from the record or appendix.

Based on the record presented, we conclude Hasbro has failed to show the trial judge clearly abused its discretion in ordering production of the documents at issue, turning over document 903 to Jones's counsel, and ordering Hasbro's representative to testify about document 903. Accordingly, we **DENY** Hasbro's petition for writ of mandamus. *See* Tex.R.App. P. 52.8(a); *Walker v. Packer*, 827 S.W.2d 833, 839–842 (Tex.1992) (orig. proceeding). The Court **VACATES** the stay order contained in its November 19, 2002 order. We **GRANT** Jones's request for sanctions under appellate rule 52.11.

## FACTUAL AND PROCEDURAL BACKGROUND

In its verified petition for writ of mandamus, Hasbro asserts the review of and production of document 903 "directly" to Jones's counsel by the trial judge was highly irregular and improper. In the petition, Hasbro states "incredibly, the trial court [delivered document 903 to opposing counsel] with no prior notice to Hasbro and no meaningful opportunity for a hearing on the privileges Hasbro had asserted for the document." Hasbro also states the trial judge "gave directly to plaintiff's counsel—without first conducting a hearing—documents that Hasbro had withheld from production on the basis of privilege." Hasbro's petition states the reporter's record of a hearing on November 12, 2002, attached as an appendix to the petition, reflects the trial judge's rulings at issue in this original proceeding. The petition advised us the trial judge unreasonably accelerated the case for trial, creating allegedly "exigent" need to complete discovery. Further, Hasbro stated that on November 4, the day before the deposition of Hasbro's corporate representative, Jones demanded for the first time that a ruling be made by the trial judge on Hasbro's privilege objections to the requested documents. According to Hasbro, no hearing was scheduled by Jones but Hasbro's counsel tendered a set of documents to the trial judge, which included document 903, on November 5 and sent a letter to the trial judge later on November 5 asking the trial judge to enter an order reflecting his rulings as to the production of any documents he was reviewing so that Hasbro could seek mandamus from this Court, if necessary. In the petition, Hasbro states

"[u]nbeknownst to Hasbro, and after receiving Hasbro's letter, the court had that day made rulings and given the documents directly to Plaintiff's counsel. During the deposition, plaintiff's counsel used one of the privileged documents. Hasbro's counsel was unaware that

plaintiff had obtained this document directly from the trial court . . . . .

At a hearing on November 12, 2002, the court admitted that it had not adhered to the rules when it disposed of Hasbro's privilege objections, supposedly because a deposition was under way. Hasbro did not learn from the court what document had been given to plaintiff until week after plaintiff's counsel received them."

Hasbro concludes its petition by arguing the trial judge's denial of a hearing at which Hasbro could present evidence and arguments as to the protections which should be accorded to the documents amounts to denial of due process.

## A) TEMPORARY EMERGENCY RELIEF GRANTED

Based upon the sworn facts presented to the Court in Hasbro's petition, this Court was extremely concerned about the alleged actions of the trial judge. This Court reasoned that, if, in fact, the trial judge had conducted himself as described in the verified petition, this indeed was an emergency and there may well have been a departure from proper discovery procedures without the knowledge or consent of all parties. Knowing only what Hasbro told us and relying on the good faith of counsel to tell us all the facts we would need to know to make a just decision, we granted temporary relief by staying production of any documents at issue, including document 903, and ordering that document 903 not be used by any party until further order of this Court. This Court also requested a response to the petition from real party in interest Jones.

## B) MOTION FOR SANCTIONS

■ In their response to the petition Jones claims Hasbro misrepresented the facts to this Court and moved for sanc-

tions. Upon receipt of Jones's response, we learned that Hasbro had failed to advise us that, in fact, hearings had been held by the trial court on November 5 and 6, 2002 which set out the procedures used by the trial judge in reviewing the documents in question. Additionally, we were provided transcripts of these hearings by Jones.

The transcripts provided by Jones clearly show that although the hearing on November 5 was, perhaps, short and called on short notice, Hasbro's counsel did not object to the hearing or the procedures the trial judge outlined for review of the documents and the release of any upon his ruling. Further, we found in that record that Hasbro's counsel suggested that this matter could be handled "expeditiously" and that he also suggested that he simply turn over the documents to the trial judge at the November 5, 2002 hearing for in camera review. The record of the November 5, 2002 hearing reflects that the trial judge advised counsel for the parties that he was beginning a jury trial and could not review the documents until the lunch hour, but that at 1:00 p.m. that day, before he took the bench to preside over the continuation of the jury trial, he would make available to all counsel any documents which he ruled were to be produced. The trial judge also advised Hasbro's counsel that he could send the trial court a letter, by noon, outlining what he wanted the trial judge to keep in mind while reviewing the in camera documents. The trial judge said on the record to counsel " . . . . . if it's produceable, you guys can send a courier over and, you know, at one, and whatever documents are there, you can come get, if any." Apparently, Jones' counsel appeared at the trial court at 1:00 p.m. on November 5, 2002 to obtain copies of the documents deemed "produceable" by the trial court. It appears that Hasbro, Inc.'s counsel did

not appear at 1:00 p.m. or "send a courier over" to obtain copies of the documents.

The November 12, 2002 hearing transcript provided by Hasbro with its petition was not clear as to what had transpired on November 5, 2002. The record reflects that even though the trial court tried to recount for counsel at the November 12, 2002 hearing what was said at the hearing on November 5, 2002 and what he had done respecting the documents, there was substantial argument by counsel as to what happened.[1]

This record of the November 5 and 6 hearings reflect facts contrary to the representations of Hasbro's counsel that "on November 12, 2002 shortly after learning of the documents that the court had produced to plaintiff's counsel awhile earlier" counsel filed a motion seeking return of document 903 and for reconsideration of the privilege ruling. That statement by counsel for Hasbro, Inc., Mr. Edward Slaughter, to us in the petition made it appear that Hasbro learned of the production of the documents shortly before November 12 rather than being aware since November 5 that documents the trial judge decided were not privileged would

be available to all counsel after the trial court ruled on that same day.

Because of the clear disparity between the story we were told in the verified petition and what is obvious on the record respecting the November 5 and 6 hearings, we directed Hasbro to file a response to the request for sanctions for violation of appellate rule 52.11. TEX.R.APP. P. 52.11; *University of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex.1995) (due process requires the court give party subject to sanctions reasonable opportunity to be heard). Rule 52.11 provides in part, that the Court may after, after notice and a reasonable opportunity to respond

> impose just sanctions on a party or attorney who is not acting in good faith as indicated by any to the following. . . .
>
> (c) grossly misstating or omitting an obviously important and material fact in the petition or
>
> (d) filing an appendix or record that is clearly misleading because of the omission of obviously important material evidence or documents.

TEX.R.APP. P. 52.11.[2]

▮ We have discretion to impose just sanctions on the motion of a party or

---

1. The November 12, 2002 hearing transcript provided to the Court by Hasbro was insufficient to clearly show what had transpired on November 5, 2002 before the trial court. In fact, counsel for Hasbro who appeared at the November 12, 2002 hearing, Mr. Thackston, was not the same attorney who appeared and turned over the documents in question to the trial court at the November 5, 2002 hearing. Rather, his partner, Mr. Edward M. Slaughter, appeared for Hasbro on November 5, 2002. Hasbro's counsel at the November 12, 2002 hearing told the trial court he did not know ". . . what the courts rulings are and what documents the plaintiff's have . . . ." Further, counsel for Hasbro at the November 12 hearing claimed "we didn't have a chance to have a hearing on it." These and other arguments in the record of the November 12 hearing left it extremely unclear as to what proce-

dures, if any, had been used by the trial Court and what the parties understood would be done when the documents were delivered to the trial court on November 5, 2002.

2. We also find guidance in the Texas Disciplinary Rules of Professional Conduct. The *disciplinary rules provide guidelines for attorney* conduct which courts should address when reviewing matters such as whether sanctions should be levied. In particular, rule 3.03 provides in part: "(a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal; . . . ." The official comments to that rule instruct the obvious as follows:

> . . . . an assertion purporting to be on a lawyer's own knowledge, as in an affidavit by the lawyer or a representation of fact in

on our own initiative. TEX.R.APP. P. 52.11. It is a discretion we only exercise with prudence, caution, and after careful deliberation. Whether sanctions are just is determined by the circumstances of the case but the sanctions must bear a direct relationship to the offensive conduct. *See In re Ford Motor Co.*, 988 S.W.2d 714, 718 (Tex.1998); *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). This Court is to determine whether to impose sanctions based on the record, briefs, or other papers on file with the Court. *Njuku v. Middleton*, 20 S.W.3d 176, 178 (Tex.App.—Dallas 2000, pet. denied) (imposing sanctions under appellate rule 45).

Hasbro's response to our order states that it did not misled the Court by omission of the record of the November 5 and 6 hearings. Rather, Hasbro argues that these hearings contained no relevant evidence. In fact, Hasbro argues

> [i]t would always be easier for litigants to simply attach to the record and appendix every transcript and other document where the issue at hand was dis-

cussed at all. But that would unduly increase the size of the record and the time necessary for the Court to make its decision. Relators should use economy when selecting transcript materials to include in the record.

Hasbro then says there was no malice by it and no harm caused to Jones. Hasbro suggests that if any sanctions are awarded, such award should be no more than copy costs incurred by Jones.

## CONCLUSION AND SANCTIONS

We conclude Hasbro's counsel misrepresented material facts to this Court when he clearly stated under oath, that the trial court failed to hold a hearing on Hasbro's privilege objection and turned over a privileged document "directly" to the opponent's lawyer without notice to Hasbro. The contradictions between the sworn statement of fact in the petition and the transcripts of the November 5 and 6 hearing which reflect not only a hearing, but lack of objections to the procedure, make it clear that Hasbro's counsel "omitted important and material facts in the petition."

---

open Court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonable diligent inquiry. There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03 cmt.2 *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp.2003).

The Texas Supreme Court has also adopted the Texas Lawyers Creed, an aspirational Creed setting goals and giving directions for lawyer's conduct. We refer to the creed as another example of what conduct is expected of counsel and recognize that it is not a binding rule on which we base our decision. The Creed is a clear directive about how lawyers are to conduct themselves in respect to the legal system, the courts, clients and other lawyers. It is in contrast to the disciplinary rules which tend to establish the lowest acceptable level of lawyer behavior against

which lawyers are to be measured for discipline by the State Bar of Texas. The Creed instructs that lawyers and judges owe to each other, among other things, candor. Most importantly, the Creed instructs that lawyers should be proud of their profession and conduct themselves in such a way to reflect that pride when it states "I am passionately proud of my profession. Therefore, 'My word is my bond.'"

The Texas Supreme Court has approved standards for appellate conduct, an aspirational document for practitioners before appellate courts in Texas, which provides

As professionals and advocates counsel assist the Court in the administration of justice at the appellate level. Through briefs and oral submissions, counsel provide a fair and accurate understanding of the facts and law applicable to their case....

3. Counsel should not misrepresent, mischaracterize, misquote, or miscite the factual record or legal authorities.

Hasbro failed and intentionally omitted to provide this Court relevant facts respecting the hearings and appearances of the parties before the trial court on the subject of the documents before the document was made available to Jones. Moreover, the "facts" as described by Hasbro in the petition made it appear that the trial court had totally ignored the rights and interests of Hasbro, refused a hearing and then turned over the document directly to Jones.

Because of the gravity and apparent merit of the claims presented to us by Hasbro, we relied on those representations of fact and felt compelled to exercise this Court's jurisdiction on an emergency basis to preserve the purported right of Hasbro and to request a response to the petition. Had the November 5 and 6 hearings been described accurately in the petition and the transcripts attached, rather than being omitted, it is highly unlikely that we would have done more than request a response to the petition.

Hasbro's response to the motion for sanctions is disingenuous at best when it suggests that it failed to attach the transcripts of the pivotal November 5 and 6 hearings, in the interest of "economy" In fact, it appears that Hasbro is totally unrepentant when it says in its response that it would not have agreed to an extension of time for Jones to file its response if it had known that the time would be used by Jones "trying to find a way to file a motion for sanctions." Hasbro implies that the giving of an extension was a good turn towards Jones when it tells us that "[n]o good deed goes unpunished."

Hasbro argues that because the appellate rules require a relator to file every document material to its claim for relief, but only file a transcript of relevant testimony, that it is somehow excused from filing the reporter's records of the Novem-

ber 5 and 6, 2002 hearing. Hasbro tells us that it did not include the November 5 and 6 hearings because they do not contain "testimony," but only argument of counsel and statements of the trial court. However, it is important to note that Hasbro did include the November 12 transcript in the appendix to the petition. Interesting to us is the fact that the hearing of November 12 does not include any "testimony." Yet, Hasbro determined that it would use the November 12 transcript as proof of the trial judge's alleged improper ruling and conduct that Hasbro wanted this Court to rectify. Hasbro's argument that it should not be held responsible is unpersuasive and disingenuous. Hasbro's reading of the appellate rules to justify its statements in the petition and providing an incomplete record cannot be used to escape its obligation to provide this Court with a truthful petition and a record which includes sufficient evidence on which this Court can base its decision. We conclude that failure to include the November 5 and 6, 2002 hearing transcripts in the appendix or record constitutes "filing an appendix or record that is clearly misleading because of the omission of obviously important or material evidence or documents." Tex.R.App. P. 52.11(d).

We are mindful that the justification for imposition of sanctions must be based upon the circumstances. The circumstances outlined above speak clearly to us that such infractions by a party and counsel must not he ignored. Also, we are aware that sanctions imposed must bear a direct relationship to the offensive conduct. *See In re Ford,* 988 S.W.2d at 718; *Trans-American,* 811 S.W.2d at 917; *Njuku,* 20 S.W.3d at 178. In this case, the conduct is an affront to this Court's jurisdiction. We were requested to provide emergency relief based on misrepresentations. Since we took Hasbro, Inc. and its counsel at

their word in the sworn petition, we were improperly led into exercising this Court's jurisdiction in an extraordinary way; to stop the trial court dead in its tracks. A sanction should be imposed which does not compensate a party in this case. Rather, the sanction should be monetary and it should benefit the justice system, which was wrongfully used. Accordingly, we hereby conclude that the imposition of a sanction in the sum of $ 2,500 is just. Such sanction is hereby levied and imposed upon Hasbro, Inc. Said sum of $ 2,500 shall be paid to the order of the Dallas Bar Association for the Campaign for Equal Access to Justice, a campaign which financially supports the volunteer attorney program of Legal Services of North Texas, Inc. Such payment shall be made in full on or before April 7, 2003. Not later than April 11, 2003 Hasbro, Inc. shall provide proof to us that it has purged itself of the sanction by paying the sum directed above.