Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00799-CV

**IN RE ADT SECURITY SERVICES, S.A. DE C.V.**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:       Catherine Stone, Chief Justice
                 Phylis J. Speedlin, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:   February 4, 2009

PETITION FOR WRIT OF MANDAMUS DENIED; MOTION FOR SANCTIONS GRANTED

On October 29, 2008, relator ADT Security Services, S.A. de C.V. ("ADT") filed a petition for a writ of mandamus with this court, asserting the trial court erred in denying its second motion for continuance when real parties in interest Alert 24 Security, LLC, Adelina Federico, Jesus Hernandez Alcocer, and Asociados Multidisciplinarios, S.A. de C.V. (collectively "Multidisciplinarios") failed to comply with the trial court's order compelling the production of discovery. Along with the petition, ADT filed an emergency motion for temporary relief in this court, seeking to stay the trial that had already commenced. This court requested a response from real parties in interest and granted ADT's emergency motion, staying the ongoing trial.

---

[1] This proceeding arises out of Cause No. 2006-CVQ-001051-D2, styled *ADT Security Services, S.A. de C.V. v. Alert 24, LLC, et al.*, pending in the 111th District Court, Webb County, Texas, the Honorable Raul Vasquez presiding.

In its petition for writ of mandamus, ADT alleges that the discovery it sought went to the heart of its case, and apart from sixty pages of documents primarily written in Spanish, Multidisciplinarios failed to produce any substantive documents in response to its numerous requests for production. On August 27, 2008, ADT filed a motion to compel the outstanding discovery, which was considered by the trial court at a hearing on October 16, 2008. On October 24, 2008, the trial court signed an order granting ADT's motion to compel discovery, ordering Multidisciplinarios "to produce to Plaintiff's counsel, by 9 a.m. on October 27, 2008, documents that exist, are within the possession of [Multidisciplinarios] and its employees, officers or agents, and/or are in the possession of persons under the control of [Multidisciplinarios] and its employees, officers, or agents, and are responsive to the following document categories: . . . ."

ADT alleges that prior to the deadline set forth in the trial court's order, Multidisciplinarios produced only 56 pages of documents. ADT then filed its second motion for continuance that was considered at a hearing on October 27, 2008, the date set for trial. The trial court denied the motion for continuance and proceeded with the pretrial proceedings. On October 28, 2008, the trial court heard various pretrial motions and began trial on October 29, 2008, the same day ADT filed the petition for writ of mandamus in this court.

In its response to the petition, Multidisciplinarios asserts that the trial court did not abuse its discretion in failing to grant ADT's second motion for continuance. In addition, Multidisciplinarios filed a motion for sanctions, requesting that this court impose sanctions against ADT under appellate rule 52.11 in the amount of $7,575.00 for their attorneys' fees. Multidisciplinarios asserts as the basis for their sanctions under rule 52.11 that (1) ADT omitted portions of the reporter's record from

the hearings in the trial court, (2) ADT grossly misstated and omitted material facts and evidence, (3) the petition for writ of mandamus is groundless, and (4) the petition was brought solely for delay.

Based on the record before us, we conclude ADT has failed to show the trial court clearly abused its discretion in denying ADT's second motion for continuance. Accordingly, the petition for a writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a). Our stay order, entered on October 29, 2008, is vacated.

**SANCTIONS**

We next consider Multidisciplinarios' claim that sanctions are necessary because ADT omitted portions of the reporter's record from the hearing of the trial court that explains the basis of the trial court's decision to not grant the motion for continuance. In ADT's petition for writ of mandamus, ADT asserts that although the trial court recognized there were incomplete and critical documents that Multidisciplinarios had not produced in compliance with the trial court's order, the trial court still did not grant the motion for continuance. Furthermore, ADT argues that there is little question that Multidisciplinarios has possession, custody, or control of relevant documents responsive to the trial court's order. ADT claims that by ordering Multidisciplinarios to produce the documents ADT sought to compel production of, the trial court acknowledged that the documents were material and necessary for ADT to prove its claims. As a result, ADT claims the trial court should have granted a continuance of the trial in order to provide ADT an adequate opportunity to obtain and inspect the documents and incorporate them into its trial presentation.

In order to support its contention that the trial court found the documents critical in its petition for writ of mandamus, ADT quoted Judge Vasquez from a previous hearing as follows: "'I

find, that Multidisciplinary Associates owes you a lot of discovery. And, I find, that based on [Defendant Alcocer's] actions, there is no way that you can prove the criminal prosecution of the same in Mexico, unless he gives you all the documentation and all the evidence that you need from his perspective.'" ADT concluded as follows: "Unfortunately, the practical effect of denying ADT Mexico's Motion for Continuance is to force ADT Mexico to try a lawsuit without the very documents that the Trial Court found essential enough to compel."

Along with its petition for writ of mandamus, ADT included in the record only five pages of what we now know came from a one hundred and eighteen page reporter's record from the hearing on October 27, 2008. The few pages of the reporter's record from the hearing that ADT provided to this court included only those portions of the hearing where counsel for ADT asserted it was "not ready" to proceed, the parties and the trial judge briefly discussed pretrial matters, and the trial judge evidenced his intent to pick the jury later that day. Based on the allegations in ADT's petition for writ of mandamus and the emergency motion for temporary relief, this court requested a response from Multidisciplinarios and granted the emergency motion, staying the ongoing trial. In its response to the petition for writ of mandamus, Multidisciplinarios informed this court that during the October 27, 2008 hearing, the trial court heard substantial argument regarding the discovery issue, whether or not Multidisciplinarios possessed the relevant discovery, and the second motion for continuance. However, as Multidisciplinarios pointed out, ADT failed to include in the record it provided to this court any portion of the hearing on ADT's second motion for continuance that was considered during the October 27, 2008 hearing.

After Multidisciplinarios filed its response and motion for sanctions, pointing out the deficiencies in ADT's record, ADT filed a response to the motion for sanctions and a supplemental record that included the full reporter's record from the October 27, 2008 and the October 28, 2008 hearings. Upon reading the full reporter's record from the hearing, it was apparent that Multidisciplinarios argued to the trial court that it had no responsive documents to the trial court's order compelling discovery, other than what had already been produced. Judge Vasquez then stated on the record, "I order open-ended in everything, in whatever form or fashion. And I ordered that whatever they have, they can give you. They are telling me on record they have given you everything they have. . . . As I've said, you can't squeeze blood out of a turnip. But, whatever it is they don't have, and you prove they have, I will consider." After hearing substantial argument from ADT as to why it believed Multidisciplinarios possessed documents responsive to the order, Judge Vasquez denied the motion for continuance. In doing so, Judge Vasquez provided as follows: "And, yes, it's been difficult to get documentation, but there is a lot of - -also showing, that you had a lot of these documents yourself, from the very beginning - - beginning with 105 boxes. So, please - - three years later. I don't think so. As far as the Motion for Continuance is concerned." The record of the hearing on October 28, 2008 further emphasizes that Judge Vasquez proceeded to trial without granting the motion for continuance because he did not believe Multidisciplinarios had in its possession, custody, or control documents responsive to ADT's request.

In its motion for sanctions, Multidisciplinarios asserts that because ADT failed to include the relevant portions of the reporter's record that contained the arguments of counsel and the response from the trial court on the motion for continuance, ADT is in violation of Texas Rule of Appellate

Procedure 52.11. Multidisciplinarios requests $7,575.00 for the attorneys' fees expended in response to the petition for writ of mandamus. We conclude that the sanctions are appropriate for the following reasons.

Texas Rule of Appellate Procedure 52.11 gives this court the authority to impose sanctions as follows:

> On motion of any party or on its own initiative, the court may— after notice and a reasonable opportunity to respond—impose just sanctions on a party or attorney who is not acting in good faith as indicated by any of the following: on a party or an attorney who is not acting in good faith as indicated by any of the following:
> (a) filing a petition that is clearly groundless;
> (b) bringing the petition solely for delay of an underlying proceeding;
> (c) grossly misstating or omitting an obviously important and material fact in the petition or response; or
> (d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.

However, we exercise this discretion with caution and only after careful deliberation. The preamble to the Texas Rules of Disciplinary Procedure provides:

> A lawyer is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice. Lawyers, as guardians of the law, play a vital role in the preservation of society. The fulfillment of his role requires an understanding by lawyers of their relationship with and function in our legal system. A consequent obligation of lawyers is to maintain the highest standards of ethical conduct.

TEX. DISCIPLINARY R. PROF'L CONDUCT preamble, para. 1. Additionally, we find guidance in the Texas Supreme Court's Standards for Appellate Conduct, which provide: "As professionals and advocates, counsel assist the Court in the administration of justice at the appellate level. Through

briefs and oral submissions, counsel provide a fair and accurate understanding of the facts and law applicable to their case. . . ." *See* Texas Supreme Court, Standards for Appellate Conduct, *available at* http://www.supreme/rules/conduct.asp. "The duty of honesty and candor a lawyer owes to the appellate court, includes fairly portraying the record on appeal." *Schlafly v. Schlafly*, 33 S.W.3d 863, 873 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (sanctioning a party for misrepresenting and mischaracterizing the facts in their briefing). Texas Rule of Appellate Procedure 52.11 makes it clear that a lawyer is bound by the same duty of candor in original proceedings. *See In re Lerma*, 144 S.W.3d 21, 27 (Tex. App.—El Paso 2004, orig. proceeding). We determine whether to impose sanctions based on the record, the briefs, or other papers filed with the court. *See In re Hasbro, Inc.*, 97 S.W.3d 894, 898 (Tex. App.—Dallas 2003, orig. proceeding).

ADT claims that its failure to attach the full transcript did not amount to "grossly misstating or omitting an obviously important and material fact in the petition." ADT asserts that Texas Rule of Appellate Procedure 52.7(a)(2) requires only that a relator attach a "transcript of any relevant testimony from any underlying proceeding." *See* TEX. R. APP. P. 52.7(a)(2). In fact, ADT contends that the transcript pages it left out did not include testimony, but was a discussion between Judge Vasquez and the lawyers. However, we point out that the portion of the reporter's record from the October 27, 2008 hearing ADT did provide to this court when it filed its petition and emergency motion, only included arguments of counsel and statements of Judge Vasquez, and did not contain any "testimony."

In *In re Hasbro, Inc.*, the court was faced with a similar issue, where relator argued that it was excused from filing the reporter's record from a relevant hearing because the appellate rules only

required relator to file a transcript of relevant testimony, not a transcript that only included arguments of counsel and the statements of the trial court. *See In re Hasbro, Inc.*, 97 S.W.3d at 898 The court in *In re Hasbro, Inc.* disagreed with relator, sanctioning it under Texas Rule of Appellate Procedure 52.11(d) for its failure to include the relevant reporter's record. *Id.* at 898-99. The court reasoned that "Hasbro's reading of the appellate rules to justify its statements in the petition and providing an incomplete record cannot be used to escape its obligation to provide this Court with a truthful petition and a record which includes sufficient evidence on which this Court can base its decision." *Id.* at 899.

When this court considered whether or not to request a response and grant ADT's emergency motion for temporary relief staying the ongoing trial, we relied on ADT's claims in its petition for writ of mandamus, motion for emergency stay of trial court proceedings, and the record ADT provided to this court. ADT's argument in the petition for writ of mandamus as described by ADT made it appear that Multidisciplinarios did indeed possess documents responsive to the trial court's order on the motion to compel, and in light of the trial court's alleged finding that the documents were important, still ordered ADT to trial without the necessary documents. In addition, upon reading the quote of Judge Vasquez that indicated he believed Multidisciplinarios owed ADT a lot of imperative discovery, this court questioned why Judge Vasquez would on the one hand say that ADT cannot prosecute the claims without the discovery, yet send it to trial without it. However, after receiving the supplemental record from ADT that included the reporter's record from the October 28, 2008 hearing, the record indicated that when Judge Vasquez was read this quote during the October 28, 2008 hearing, he responded as follows: "This is before I found out, that

Multidisciplinarios Associados is an office that doesn't do anything, other than sit there for no purpose?"

As a result of the foregoing, ADT clearly failed to provide this court with that portion of the reporter's record that would have informed this court of Judge Vasquez's reasoning for not granting the motion for continuance. Had ADT provided this court with the full reporter's record from the October 27, 2008 hearing, it is highly unlikely that this court would have granted the stay of the ongoing trial or requested a response from Multidisciplinarios. As a result, we conclude that ADT filed a record that is clearly misleading because of the omission of obviously important documents and grant Multidisciplinarios' motion for sanctions. *See* TEX. R. APP. P. 52.11(d).

Whether sanctions are just is determined by the circumstances of the case, but the sanctions must bear a direct relationship to the offensive conduct. *See In re Ford Motor Co.*, 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding). In this case, we were requested to provide emergency relief based on an incomplete record filed by ADT. Because we relied on the record provided to us and the arguments in the petition for writ of mandamus and the emergency motion for temporary relief, we were persuaded to exercise our jurisdiction and stop an ongoing trial. We conclude that the imposition of a sanction in the amount of $7,575.00 for the attorneys' fees expended in responding to the petition for writ of mandamus is just.

## CONCLUSION

Accordingly, we deny ADT's petition for writ of mandamus and grant Multidisciplinarios' motion for sanctions pursuant to Texas Rule of Appellate Procedure 52.11. ADT Security Services, S.A. de C.V. and its attorneys, Thomas R. Ajamie, C. David Mee, John W. Clay, and Dona Szak,

jointly and severally, are ordered to pay sanctions in the amount of $7,575.00 to Alert 24 Security, L.L.C., Adelina Federico, Jesus Hernandez Alcocer, and Asociados Multidisciplinarios, S.A. de C.V. Such fees are to be paid within 30 days of the date of this opinion.  Failure to comply with this court's opinion may be punishable by contempt.


PER CURIAM