Compass Exploration Inc. v. B-E Drilling Company and Ray E. Eubank















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-301-CV

     COMPASS EXPLORATION, INC.,
                                                                         Appellant
     v.

     B-E DRILLING COMPANY
     AND RAY E. EUBANK,
                                                                         Appellees
 

From the 278th District Court
Leon County, Texas
Trial Court # 0-98-130A
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Compass Exploration, Inc. (“Compass”) hired B-E Drilling Company (“B-E”) to drill a well
on property in Leon County leased by Compass. Ray H. Eubank signed the contract for B-E. 
There were provisions in the contract about when B-E would be held responsible if the drilling
went amiss and the hole was lost. According to the provisions, if the hole deviated from true
vertical by more than two degrees between any two periodic tests for vertical, and an event
happened during drilling which caused the hole to be abandoned, B-E would be responsible.
      The hole was drilled to approximately 12,000 feet. However, when the drill pipe was being
extracted, it became stuck and eventually broke off in the hole. Consequently, the well was
abandoned. Tests for true vertical had been conducted which indicated the hole may have been
more than two degrees off. Compass refused to make full payment under the contract. 
Accordingly, B-E sued Compass in Dallas County for breach of contract and suit on a sworn
account. Compass did not countersue or challenge venue. The suit in Dallas County was tried
to the court which ruled in Compass’s favor, finding that B-E failed to prove it met the drilling
specifications in the contract. A take-nothing judgment was issued against B-E. No appeals were
taken.
      While the suit in Dallas County was pending, and before trial, Compass filed the present suit
in Leon County, claiming breach of contract and negligence. After the judgment in the Dallas
County suit, B-E filed a motion for summary judgment in the Leon County suit, asserting that
Compass’s claims (1) should have been brought as compulsory counterclaims in the Dallas County
suit, and (2) were barred by res judicata. Compass responded that a mandatory venue statute
required its claims to be brought in Leon County. The trial court granted the motion, and
Compass appeals.
      Compass’s response to the motion for summary judgment, and its complaint on appeal, are
that the mandatory venue rule in section 15.011 of the Civil Practices and Remedies Code (1)
requires that its claims be brought in Leon County, and (2) trumps the compulsory counterclaim
rule in Rule 97(a) of the rules of procedure. Tex. Civ. Prac. & Rem. Code Ann. § 15.011
(Vernon Supp. 2001); Tex. R. Civ. P. 97(a). These provisions read:
      § 15.011. Land
 
Actions for recovery of real property or an estate or interest in real property, for partition of
real property, to remove encumbrances from the title to real property, for recovery of
damages to real property, or to quiet title to real property shall be brought in the county in
which all or a part of the property is located.
 Rule 97. Counterclaim and Cross-Claim
 
(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the
jurisdiction of the court, not the subject of a pending action, which at the time of filing the
pleading the pleader has against any opposing party, if it arises out of the transaction or
occurrence that is the subject matter of the opposing party’s claim and does not require for
its adjudication the presence of third parties of whom the court cannot acquire jurisdiction;
provided, however, that a judgment based upon a settlement or compromise of a claim of one
party to the transaction or occurrence prior to a disposition on the merits shall not operate as
a bar to the continuation or assertion of the claims of any other party to the transaction or
occurrence unless the latter has consented in writing that said judgment shall operate as a bar.
Standard of Review
      A party filing a motion for summary judgment must prove by summary-judgment evidence
that “there is no genuine issue as to any material fact and the moving party is entitled to judgment
as a matter of law on the issues expressly set out in the motion.” Tex. R. Civ. P. 166a(c); e.g.,
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985); Delta Air Lines, Inc.
v. Norris, 949 S.W.2d 422, 425 (Tex. App.—Waco 1997, writ denied). We must resolve all
doubts and indulge every reasonable inference in favor of the non-movant. Nixon, 690 S.W.2d
at 549; Delta Air Lines, 949 S.W.2d at 425. A summary judgment is reviewed de novo. E.g.,
Rucker v. Bank One Texas, N.A., 36 S.W.3d 649, 653 (Tex. App.—Waco 2000, pet. filed).
Section 15.011
      Compass argues that section 15.011 requires the suit to be brought in Leon County, and
therefore the Dallas court was without jurisdiction and its judgment is void. Compass says section
15.011 is a jurisdictional statute. However, it presents no authority for this argument. It is
axiomatic that “venue” provisions do not confer “jurisdiction.” Furthermore, the district court
in Dallas County had jurisdiction to hear Compass’s claims, just as the district court in Leon
County did. Tex. Const. art. V, § 8 (District courts have “original jurisdiction . . . of all suits,
complaints or pleas whatever, without regard to any distinction between law and equity, when the
matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest.
. . .”); see also Tex. Gov’t Code Ann. § 24.007 (Vernon 1988). As for venue, if Compass
wanted to object to venue in Dallas County, it should have raised the issue in the Dallas County
suit by a motion to transfer venue. There is no indication in the record that it did, and therefore
it waived this complaint. Tex. R. Civ. P. 86(1). 
      In addition, B-E’s claims do not fall under section 15.011, which by its express wording does
not pertain to B-E’s breach-of-contract action for damages from non-payment for services
performed under the contract. Therefore, absent a venue challenge by Compass, B-E could
prosecute its suit in Dallas County. And “[v]enue of the main action shall establish venue of a
counterclaim, cross claim, or third-party claim properly joined under the Texas Rules of Civil
Procedure or any applicable statute.” Tex. Civ. Prac. & Rem. Code Ann. § 15.062 (Vernon
Supp. 2001).
      Section 15.011 possibly could have controlled venue, but only if Compass had filed its Leon
County suit first. Because it did not, and for the reasons just stated, section 15.011 does not
defeat the summary judgment.
Rule 97(a)
      Rule 97(a) by its express wording requires all claims “aris[ing] out of the transaction or
occurrence that is the subject matter of the opposing party's claim” to be brought as counterclaims
to the pending suit. A counterclaim is compulsory if: (1) it is within the jurisdiction of the court;
(2) it is not at the time of filing the answer the subject of a pending action; (3) the action is mature
and owned by the pleader at the time of filing the answer; (4) it arises out of the transaction or
occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing
party in the same capacity; and (6) it does not require for its adjudication the presence of third
parties over whom the court cannot acquire jurisdiction. Wyatt v. Shaw Plumbing Co., 760
S.W.2d 245, 247 (Tex. 1988). “A defendant's failure to assert a compulsory counterclaim
precludes its assertion in later actions.” Id.
      None of Wyatt elements 1, 2, 3, 5, and 6 are in dispute. As for element 4, to determine
whether or not a defendant’s claim “arises out of the transaction or occurrence that is the subject
matter of the [plaintiff’s] claim,” some courts have used a “logical relationship” test. E.g.,
Williams v. National Mortg. Co., 903 S.W.2d 398, 404 (Tex. App.—Dallas 1995, writ denied);
Klein v. Dooley, 933 S.W.2d 255, 259 (Tex. App.—Houston [14th Dist.] 1996), rev’d on other
grounds, 949 S.W.2d 307 (1997). “When the same facts . . . are significant and logically relevant
to the various causes of action, the ‘logical relationship’ test is satisfied.” Williams, 903 S.W.2d
at 404 (citing Jack H. Brown & Co. v. Northwest Sign Co., 718 S.W.2d 397, 400 (Tex.
App.—Dallas 1986, writ ref’d n.r.e.)).
      It is undisputed that both suits pertained to B-E’s drilling the well and the loss of the hole, and
that performance under the contract was at issue in both suits. We conclude that Compass’s claims
in the Leon County suit were compulsory counterclaims in the Dallas County suit which were
forfeited when Compass did not file them as such.
Res Judicata
      A related principle is res judicata, or claim preclusion. It “prevents the relitigation of a
finally-adjudicated claim and related matters that should have been litigated in a prior suit.” State
and County Mut. Fire Ins. Co. v. Miller, 2001 WL 40324, at *2 (Tex. Jan. 18, 2001); Barr v.
R.T.C., 837 S.W.2d 627, 628-31 (Tex. 1992). Its elements are: (1) a prior final judgment on the
merits by a court of competent jurisdiction; (2) the same parties in each action; and (3) a second
action based on the same claims as were raised or could have been raised in the first action. 
Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). Elements 1 and 2 are not in
dispute. To analyze what claims “could have been raised in the first action,” Texas follows the
“transactional” approach of the Restatement of Judgments. Restatement (Second) of
Judgments § 24 (1982); Miller, 2001 WL 40324, at *2; Barr, 837 S.W.2d at 631. Section 24(2)
states: “What factual grouping constitutes a ‘transaction’, and what groupings constitute a ‘series’,
are to be determined pragmatically, giving weight to such considerations as whether the facts are
related in time, space, origin, or motivation, whether they form a convenient trial unit, and
whether their treatment as a unit conforms to the parties’ expectations or business understanding
or usage.” “A subsequent suit will be barred if it arises out of the same subject matter of a
previous suit and which through the exercise of diligence, could have been litigated in a prior
suit.” Barr, 837 S.W.2d at 631. Unpled defendant’s counterclaims are included among the claims
which are barred. Miller, 2001 WL 40324, at *2.
      Again, it is not in dispute that breach of the contract and the events surrounding the loss of
the hole were the subjects of both the Dallas County and Leon County suits. Therefore, under res
judicata, Compass’s claims for breach of contract and negligence could not be litigated in another
suit after the Dallas court’s judgment.
Conclusion
      We agree with B-E that under either Rule 97 or res judicata, by not filing its claims as
counterclaims in the Dallas County suit, Compass forfeited them. There were no facts or legal
questions in dispute to prevent the summary judgment. Therefore, the trial court did not err in
granting it.
Summary Judgment Affidavit
      Compass has a residual point of error complaining that a summary judgment affidavit filed
by B-E and signed by Appellant Ray H. Eubank was improper, because he signed it in the capacity
of President of Sunshine Circle Drilling Company, whereas he signed the drilling contract in the
capacity of Managing Partner of B-E. Compass presents no authority to support its complaint, and
we find no merit to it. The issue is overruled.
Damages for Frivolous Appeal
      B-E has filed a “Motion for Damages for Frivolous Appeal” under rule of appellate procedure
45. Tex. R. App. P. 45. The rule is entitled “Damages for Frivolous Appeals in Civil Cases,”
and states: “If the court of appeals determines that an appeal is frivolous, it may—on motion of
any party or on its own initiative, after notice and a reasonable opportunity for response—award
each prevailing party just damages. In determining whether to award damages, the court must not
consider any matter that does not appear in the record, briefs, or other papers filed in the court
of appeals.” Rule 45 replaces the former Rule 84, “Damages for Delay in Civil Cases,” which
applied “where the court of appeals shall determine that an appellant has taken an appeal for delay
and without sufficient cause.” A showing of “bad faith” was required. E.g., Tate v. E.I. Du Pont
de Nemours & Co., 954 S.W.2d 872, 875 (Tex. App.—Houston [14th Dist.] 1997, no pet.). 
Under the new rule, “bad faith” is not required. Smith v. Brown, 51 S.W.3d 376, 381 (Tex.
App.—Houston [1st Dist.] 2001, no pet. h.); Mid-Continent Cas. v. Safe Tire Disposal, 2 S.W.3d
393, 397 (Tex. App.—San Antonio 1999, no pet.). However, it may be relevant in determining
the amount of damages. Brown, 51 S.W.3d at 381.
      Courts have considered several factors in concluding an appeal is frivolous. Damages have
been awarded when, looking at the record from the viewpoint of the appellant, there was no
reasonable expectation of reversal. Id. at 381. In Brown, the appellant filed a subsequent suit
after a declaratory judgment already decided the pertinent issues. The appeals court found the suit
barred under res judicata, and awarded $5,000 in damages, declaring: “Smith is a vexatious
litigant,” and “[no] reasonable attorney could fail to conclude this court would uphold the trial
court’s summary judgment.” Id. at 382 (citing Mid-Continent, 2 S.W.3d at 397).
      Other courts have used the Brown standard, but have kept the “bad faith” requirement. 
Chapman v. Hootman, 999 S.W.2d 118, 124-25 (Tex. App.—Houston [14th Dist.] 1999, no pet.)
(The court found unsupported legal arguments with no cited authority, noted that the appellant did
not respond to the request for damages, and awarded $5,000 in damages.); Parker v. State Farm
Mutual Auto. Ins. Co., 4 S.W.3d 358, 364-66 (Tex. App.—Houston [1st Dist.] 1999, no pet.)
(The court awarded $2,500 in damages, stating the appellant did not “raise[] well-researched,
arguable issues,” and “show[ed] a conscious indifference to settled rules of law.”). 
      Damages have also been awarded when an appeal is objectively frivolous and injures the
appellee. Mid-Continent, 2 S.W.3d at 397. Mid-Continent filed a declaratory judgment action
seeking to relitigate issues already decided in another case. Id. The trial court granted a summary
judgment based on collateral estoppel. On appeal, the San Antonio court awarded $5,000 in
damages because “[n]o reasonable attorney could fail to conclude this court would uphold the trial
court’s summary judgment . . . .” Id.
      One Houston court has also considered whether the appellant has legitimately argued for a
change in the law, or rather has merely presented his distorted version of the law. Swate v.
Crook, 991 S.W.2d 450, 456 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).
      In the present case, we note the following:
      •    Compass cited no authority supporting its assertion that section 15.011 is a jurisdictional
statute. In fact, the jurisdictional argument is plainly wrong, as any reasonable attorney
should know. 
      •    Compass cited no authority supporting its assertion that Eubank’s summary judgment
affidavit was improper.
      •    Compass made no reasonable argument that its claims were not compulsory
counterclaims. 
      •    Compass presented no argument or authority that any law applicable to this case should
be changed. 
      •    In its entire brief, Compass cites to only two cases, one statute, and one rule of civil
procedure. 
      •    Compass did not respond to the motion for damages. 
      •    Compass did not request oral argument.
      •    Compass’s brief had to be returned when originally filed for violation of local rule 14
requiring that the appendix be bound with the brief.

      
 
      We affirm the summary judgment. We also order Compass to pay B-E “just damages” of
$2,500.
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 10, 2001
Publish
[CV06]