**Mark D. MALDONADO, Appellant,**

v.

**Stephen MACALUSO and Heather Quintanilla, Appellees.**

No. 04–02–00697–CV.

Court of Appeals of Texas, San Antonio.

Dec. 11, 2002.

Stephen A. Katz, Shaddox, Compere, Walraven & Good, P.C., San Antonio, for Appellant.

Fidel Rodriguez, Jr., Bryan Kost, Rodriguez & Ketterman, Curtis L. Cukjati, E. Conry Davidson, Martin & Cukjati, L.L.P., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

PER CURIAM.

Appellees have filed a motion to dismiss this appeal for lack of jurisdiction and seek $5,500 in attorney's fees for having to defend a frivolous appeal. On October 30, 2002, we ordered appellant to show cause within fifteen days why this appeal should not be dismissed. We grant appellees'

motion to dismiss, but deny their request for sanctions.

On February 22, 2002, the trial court signed a default judgment. On June 14, 2002, appellant filed a motion to extend postjudgment deadlines and motion for new trial, claiming that he had no notice of the judgment until April 15, 2002. The trial court denied the motion. On October 7, 2002, appellant filed a notice of appeal, stating that he was pursuing a restricted appeal pursuant to Texas Rules of Appellate Procedure 25.1 and 30. If a party has no notice of the trial court's judgment, Texas Rule of Appellate Procedure 4.2(a)(1) allows, in some circumstances, additional time for that party to file documents. *See* TEX.R.APP. P. 4.2(a)(1); TEX.R. CIV. P. 306a(3).

Appellant argues that by filing a motion to extend postjudgment deadlines pursuant to Texas Rule of Civil Procedure 306a, his deadline for filing a restricted appeal was extended to six months from the date he had notice of the judgment. Thus, appellant argues that he had until October 15, 2002 to file his restricted appeal. For support, appellant relies on *John v. Marshall Health Services, Inc.*, 58 S.W.3d 738 (Tex.2001). *Marshall Health Services* held that a party may file a motion to extend postjudgment deadlines under rule 306a at any time within the trial court's plenary jurisdiction. *Id.* at 741. The trial court's plenary jurisdiction is measured from the date determined under rule 306a(4), that is, "the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing," as long as such date was more than twenty days after the judgment was signed. *Id.* (quoting rule 306a(4)). Thus, the supreme court held that the appellant's deadlines were extended by virtue of his motion under rule 306a.

■ The appellant in *Marshall Health Services,* however, did not file a restricted appeal. Texas Rule of Appellate Procedure 4.2(a)(1) allows post-judgment deadlines to be extended if the rule 306a requirements are met. Texas Rule of Appellate Procedure 4.2(a)(2), however, clearly exempts restricted appeals:

(a) *Additional Time to File Documents*

(1) In general. If a party affected by a judgment or other appealable order has not—within 20 days after the judgment or order was signed— either received the notice required by Texas Rule of Civil Procedure 360a.3 or acquired actual knowledge of the signing, then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing. But in no event may the periods begin more than 90 days after the judgment or order was signed.

(2) *Exception for restricted appeal. Subparagraph (1) does not extend the time for perfecting a restricted appeal.*

TEX.R.APP. P. 4.2(a) (emphasis added). Rule 4.2(a)(1) does not extend the time for perfecting a restricted appeal. Appellant's notice of appeal, therefore, was due on August 22, 2002, six months after the date on which the judgment was signed. Appellant did not file his notice of appeal until October 7, 2002. As such, we do not have jurisdiction over this appeal.

■ Appellees have also requested that we sanction appellant and his attorney for filing a frivolous appeal. Texas Rule of Appellate Procedure 45 provides that if the court of appeals determines that

an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportuni-

ty for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

TEX.R.APP. P. 45. Under the current rule, "just damages" are permitted if an appeal is objectively frivolous and injures the appellee. *Mid–Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 397 (Tex.App.-San Antonio 1999, no pet.). After reviewing the record, we hold that this appeal is not objectively frivolous and deny appellees' request for sanctions.

We dismiss this appeal for lack of jurisdiction.