In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-148 CV


____________________



CLAUDE HUGH LLOYD, JR. AND CASSONDRA JEAN LLOYD, Appellants



V.



JOYCE WHITMIRE and


 AMERICAN HOME PRODUCTS, CORPORATION, ETAL, Appellees






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D-000154-C






MEMORANDUM OPINION


 Claude Hugh Lloyd, Jr. and Cassondra Jean Lloyd appeal pro se from the trial
court's order striking their plea in intervention. For the reasons set forth below, we
affirm.

 Rule 60 of the Texas Rules of Civil Procedure sets out an applicant's right to
intervene in litigation, "subject to being stricken out by the court for sufficient cause on
the motion of any party." Tex. R. Civ. P. 60. A trial court is given broad discretion in
deciding on a motion to strike, and its decision will be reversed only if it has abused that
discretion. See Guaranty Federal Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d
652, 657 (Tex. 1990). In Guaranty Federal, the supreme court held it is an abuse of
discretion to strike a plea in intervention if: (1) the intervenor can show that he could have
brought the same action, or any part thereof, in his own name, or, if the action had been
brought against him, he would be able to defeat recovery; (2) the intervention will not
complicate the case by an excessive multiplication of the issues, and (3) the intervention
is almost essential to effectively protect the intervenor's interest. Id. Thus, appellants
must satisfy all three prongs of the Guaranty Federal test to prevail.

 In their brief, appellants' cite no authority in support of their position and make no
attempt to demonstrate their plea met the requisites of Guaranty Federal. See Tex. R.
App. P. 38.1. It is not apparent from the record before us that appellants were entitled to
intervene. Accordingly, we cannot say the trial court abused its discretion in striking
appellants' plea in intervention.

 Appellee Whitmire has also requested that we sanction appellants for filing a
frivolous appeal. Texas Rule of Appellate Procedure 45 provides that if the court of
appeals determines that an appeal is frivolous, it may--on motion of any party or on its
own initiative, after notice and a reasonable opportunity for response--award each
prevailing party just damages. In determining whether to award damages, the court must
not consider any matter that does not appear in the record, briefs, or other papers filed in
the court of appeals. See Tex. R. App. P. 45. Under the current rule, "just damages" are
permitted if an appeal is objectively frivolous and injures the appellee. See Mid-Continent
Cas. Co. v. Safe Tire Disposal Corp., 2 S.W.3d 393, 397 (Tex. App.--San Antonio 1999,
no pet.). Whitmire's brief fails to provide any estimation of an amount that would be
"just." We are unwilling to simply "guess" as to the extent appellee has been prejudiced. 
Accordingly, we deny the request for sanctions.

 The judgment of the trial court is affirmed. Appellee's Motion to Dismiss Appeal
is denied as moot.

 AFFIRMED.


 PER CURIAM


Submitted on March 27, 2003

Opinion Delivered April 3, 2003



Before McKeithen, C.J., Burgess and Gaultney, JJ.