

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00624-CV

Gerald D. **ARISMENDEZ**,
Appellant

v.

Robert **VASQUEZ**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 12-08-51356-CV
Judge Robert Blackmon, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  November 21, 2012

DISMISSED FOR WANT OF JURISDICTION

Appellant Gerald D. Arismendez filed an election contest related to the primary election held on July 31, 2012, for the office of Jim Wells County, Constable, Precinct 5. On August 27, 2012, the trial court signed an order denying Arismendez's election contest. Thereafter, Arismendez filed a notice of appeal on September 26, 2012.

After the notice of appeal was filed, appellee Robert Vasquez filed in this court a Motion to Dismiss for Lack of Jurisdiction and for Mootness. As to jurisdiction, Vasquez argued this court was required to dismiss the appeal because the notice of appeal was untimely under the

mandates of the Texas Election Code. Vasquez's motion was filed on October 9, 2012. On October 18, 2012, we ordered Arismendez to file, on or before October 29, 2012, a response to the motion to dismiss. We waited to act to ensure the response had not been mailed pursuant to the mailbox rule. *See* TEX. R. APP. P. 9.2(b). Moreover, the clerk's office of this court telephoned the office of Arismendez's counsel on two occasions to remind counsel about the response. Still, no response has been filed.

We hold Vasquez is correct; Arismendez's notice of appeal from the order denying his election contest is untimely. Arismendez filed his notice of appeal thirty days after the order from which he seeks relief. However, section 232.014(b) of the Texas Election Code states that an appeal from an order relating to the contest of a primary election is accelerated, and to be timely, any notice of appeal from such an order must be filed "not later than the fifth day after the date the district court's judgment in the contest is signed." TEX. ELEC. CODE ANN. § 232.014(b) (West 2010).

When a statute provides the deadline for perfecting an appeal, compliance with the statutory deadline, not the deadline in the rules of appellate procedure, is necessary to confer jurisdiction on the appellate court. *Ortiz v. Flores*, No. 04-10-00670-CV, 2010 WL 4259360, at *1 (Tex. App.—San Antonio 2010, no pet.) (mem. op.); *In re D.B.*, 80 S.W.3d 698, 702, (Tex. App.—Dallas 2002, no pet.); *see Bailey v. Clark*, 407 S.W.2d 520, 521 (Tex. App.—Fort Worth 1966, no writ) (applying statutory five-day deadline for perfecting appeal in matter involving predecessor to section 232.014(b)).

As noted above, Arismendez filed his notice of appeal on September 26, 2012, thirty days after the trial court signed the order denying his contest. However, the notice of appeal, pursuant

to section 232.014(b) of the Election Code, was due on or before September 4, 2012, five days after the order was signed.[1]  *See* TEX. ELEC. CODE ANN. § 232.014(b).

We hold Arismendez's notice of appeal was untimely.  Because Arismendez failed to timely file his notice of appeal, we lack jurisdiction over this appeal and must dismiss it.  *See In re K.L.V.*, 109 S.W.3d 61, 67 (Tex. App.—Fort Worth 2003, pet. denied) (holding times for filing notice of appeal are jurisdictional and absent timely filed notice of appeal or proper extension request, appellate court must dismiss appeal); *Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 395 (Tex. App.—San Antonio 1999, no pet.) (holding that when appellate court lacks jurisdiction, it must dismiss appeal).  Accordingly, we grant Vasquez's motion to dismiss the appeal for want of jurisdiction and dismiss the appeal.[2]

PER CURIAM

---

[1] Five days after the date the order was signed fell on a Saturday, and normally, the notice of appeal would have been due the next Monday, September 3, 2012. *See* TEX. R. APP. P. 4.1(a) (stating that last day of time period is included in computing due date, but if day is Saturday, Sunday, or legal holiday, period extends to end of next day that is not Saturday, Sunday, or legal holiday).  However, that day was a federal holiday, Labor Day, making the notice of appeal due Tuesday, September 4, 2012. *Id.*

[2] Given this disposition, we will not consider Vasquez's alternate contention that the appeal should be dismissed because it is moot.