

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00049-CV

| | | |
|---|---|---|
| MeMc I, LLC | § | From County Court at Law No. 2 |
| | § | of Denton County (CV-2011-00580) |
| v. | § | February 21, 2013 |
| The Town of Double Oak, Charlie Wright, and Charlotte Allen | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment. It is ordered that the judgment of the trial court is reversed and that the case is remanded to the trial court for further proceedings consistent with this opinion.

It is further ordered that Appellees The Town of Double Oak, Charlie Wright, and Charlotte Allen shall pay all of the costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM


### NO. 02-12-00049-CV

MEMC I, LLC                                                    APPELLANT

V.

THE TOWN OF DOUBLE OAK,                          APPELLEES
CHARLIE WRIGHT, AND
CHARLOTTE ALLEN

----------

## FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is a summary judgment appeal. Appellees the Town of Double Oak, Charlie Wright, and Charlotte Allen moved for summary judgment on Appellant MeMc I, LLC's claims; the sole ground for summary judgment asserted in Appellees' motion for summary judgment was the affirmative defense of res judicata. Appellees premised their res judicata defense on a trial court judgment

---

[1]*See* Tex. R. App. P. 47.4.

that had been appealed to, and was pending in, this court. This court subsequently reversed the judgment forming the basis of Appellees' res judicata defense.[2] Appellees concede that the summary judgment appealed here must be reversed because the only ground on which they sought summary judgment—the affirmative defense of res judicata—no longer applies in light of this court's reversal of the judgment on which the res judicata defense was based. *See J.J. Gregory Gourmet Servs., Inc. v. Antone's Import Co.*, 927 S.W.2d 31, 34 (Tex. App.—Houston [1st Dist.] 1995, no writ) (recognizing judgment that was reversed on appeal was not final judgment that could form basis of res judicata defense). We sustain Appellant's sole issue and reverse the trial court's summary judgment.

Having reversed the trial court's summary judgment, we would normally remand the case to the trial court. *See* Tex. R. App. P. 43.2(d). Appellees, however, filed in this court a motion to abate and to dismiss this appeal based on the doctrine of dominant jurisdiction; Appellees did not file any motion to abate in any trial court. The doctrine of dominant jurisdiction has no application to this appeal; whether the doctrine may be applicable to Appellant's suit on remand—or as Appellant contends was waived—is a matter for a trial court to resolve, not this court. *See, e.g.*, *Flores v. Peschel*, 927 S.W.2d 209, 212 (Tex. App.—Corpus Christi 1996, no writ) (explaining that the proper means of ensuring that a

[2]*See McDaniel v. Town of Double Oak*, No. 02-10-00452-CV, 2012 WL 662367, at *10 (Tex. App.—Fort Worth 2012, pet. denied) (mem. op.).

3

court with dominant jurisdiction tries and determines the lawsuit is by filing a plea in abatement in the trial court without dominant jurisdiction). Accordingly, we deny Appellees' motion to abate and to dismiss this appeal.

Appellant requests reasonable attorney's fees as sanctions against Appellees for forcing Appellant to brief and to argue this appeal. Appellant contends that once this court reversed the judgment upon which Appellees had relied to obtain a res judicata-based summary judgment, and once the Texas Supreme Court had denied review, Appellees had no basis in law or fact to oppose the relief requested by Appellant in this appeal. We agree. Appellees conceded in their motion to abate and to dismiss the appeal that the summary judgment had to be reversed in this appeal.[3] And Appellees cite no authority for the proposition that an appellate court can resolve in the first instance an issue of dominant jurisdiction or for the proposition that after reversing a summary judgment—that Appellees concede must be reversed—this court can dismiss the appeal.

---

[3]Appellees' motion to abate and to dismiss states:

> The county court's granting of summary judgment on res judicata grounds was proper when rendered; the district court's order of dismissal was final, though on appeal. However, the doctrine of res judicata is premised on a final adjudication. This Court's Memorandum Opinion in the district court appeal reversed and remanded the matter back to the trial court, doing away with the final adjudication and the premise on which the county court's order was based. [Footnote omitted.]

Under rule 45, after notice and a reasonable opportunity to be heard, we may award just damages if we objectively determine, after considering "the record, briefs, or other papers filed in the court of appeals," that an appeal is frivolous. Tex. R. App. P. 45; *Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 396–97 (Tex. App.—San Antonio 1999, no pet.). A frivolous appeal is defined as "an appeal having no legal basis." Black's Law Dictionary 113 (3d ed. 2009).

Here, Appellant's appeal is not frivolous. To the contrary, Appellant is unquestionably entitled to the relief sought in its appeal—reversal of the trial court's res judicata-based summary judgment. It is Appellees' opposition to the granting of the relief sought by Appellant that has no legal basis. Although Appellees' counsel may have violated the spirit if not the letter of the Standards for Appellate Conduct,[4] because the appeal is not frivolous, rule 45 does not authorize us to award just damages to Appellant. *See* Tex. R. App. P. 45 (authorizing a court of appeals to award just damages when an appeal is

---

[4]Under the section entitled "Lawyers' Duties to Clients," counsel is required to advise clients that they will not take frivolous positions in an appellate court. *See* Standards for Appellate Conduct, *Lawyers' Duties to Clients 13*, Texas Rules of Court (State) 431 (West 2012) (adopted by the Second District Court of Appeals on Jan. 31, 2000, and *available at* http://www.supreme.courts.state.tx.us/rules/conduct.asp.). Under the section entitled "Lawyers' Duties to the Court," counsel is required to respect and maintain the dignity of the court by not pursuing an appellate remedy unless counsel believes in good faith that an error has been committed. *See id.*, *Lawyers' Duties to the Court 1*, Texas Rules of Court (State) 432.

frivolous). We therefore overrule Appellant's request for reasonable attorney's fees as sanctions against Appellees.

Having sustained Appellant's sole issue, having denied Appellee's motion to abate and to dismiss the appeal, and having determined that an award of just damages is not authorized under rule 45, we reverse the trial court's judgment and remand this case to the trial court.

PER CURIAM

PANEL: WALKER, GARDNER, and MCCOY, JJ.

DELIVERED: February 21, 2013