

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-13-00147-CR

THE STATE OF TEXAS, APPELLANT

V.

GERALD BARROW, APPELLEE

On Appeal from the County Court
Hale County, Texas
Trial Court No. 2012C-427, Honorable Bill Coleman, Presiding

July 16, 2014

DISSENTING OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

The issue to be decided in this case is whether the trial court acted *without reference to any guiding rules and principles* and thereby abused its discretion when it granted the Defendant, Gerald Barrow, a new trial. By two separate opinions, my colleagues both say the trial judge abused his discretion in doing so. Accordingly, they reverse the trial court's order granting Barrow's motion for new trial.[1] Because I believe

---

[1] While Chief Justice Quinn's opinion merely reverses the order granting new trial, Justice Campbell's opinion reverses and renders an order denying the motion for new trial. Ultimately, however, the result is the same—Burrow's motion for new trial is not granted. Prior to the trial court originally granting Barrow's motion for new trial, this Court docketed his direct appeal on the merits as Cause No.

the decision of the trial court should be accorded greater deference, I respectfully disagree with that result and would affirm the order of the trial court. Accordingly, I dissent from the plurality decision of this Court.

In this case, the State appeals an order granting Barrow a new trial "in the interest of justice." The appropriate standard of review when a trial court *grants* a motion for new trial is the same standard of review we apply when reviewing the *denial* of a motion for new trial and that standard is an abuse of discretion. *State v. Herndon,* 215 S.W.3d 901, 906 (Tex. Crim. App. 2007); *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). In applying that standard this Court must decide whether the decision of the trial court was arbitrary or unreasonable. *Gonzalez,* 855 S.W.2d at 695, n.4. The test for an abuse of discretion is not whether, in the opinion of the appellate court, the facts present an appropriate case for the trial court's action, but rather "whether the trial court acted without reference to *any* guiding rules or principles." *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014) (citing *Herndon,* 215 S.W.3d at 907) (emphasis added). The mere fact that the trial court has decided a matter differently from what the appellate court deems appropriate does not demonstrate an abuse of discretion. *Id.* at 103-04. In conducting a review of the trial court's decision, an appellate court should view the evidence in the light most favorable to that decision, defer to the trial court's credibility determinations, and presume that all reasonable fact findings in support of the ruling have been made. *Id.* at 104. A trial court is given wide latitude in deciding whether to grant or deny a motion for new trial. *State v. Boyd,* 202

_____

07-13-00046-CR. That cause was abated pending further order of the Court. *See Barrow v. State,* No. 07-13-00046-CR, slip. op. at 2 (Tex. App.—Amarillo, May 14, 2013, no pet. h.) (per curiam order). *available at* http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=28e459f9-51da-4d7c-8e62-45ca08bdb417&coa=coa07&DT=Opinion&MediaID=556140bb-3c28-4d6b-bce1-f03181d09580.

S.W.3d 393, 401 (Tex. App.—Dallas 2005, pet. ref'd).  A trial court's ruling granting a motion for new trial is presumed to be correct, and the burden rests on the State to establish the contrary.  *Id.* at 401-02.

Furthermore, a trial court's discretion to grant a motion for new trial is not limited to those matters listed in Rule 21.3 of the Texas Rules of Appellate Procedure.  *Thomas,* 428 S.W.3d at 104.  That said, a trial court's decision to grant a new trial "in the interest of justice" is not "unbounded or unfettered," *id.* at 105 (quoting *State v. Herndon*, 215 S.W.3d at 907), but must be based on some sort of valid legal basis.  Although there is no bright-line rule concerning appellate review of a trial court's decision in this area, a trial court would not generally abuse its discretion in granting a new trial if the defendant: (1) articulates a valid legal claim in his motion for new trial, (2) produces some evidence or references evidence in the trial record that substantiates that claim, and (3) shows prejudice to his substantial rights under the harmless-error standards set forth in Rule 44.2 of the Texas Rules of Appellate Procedure.  *Herndon*, 215 S.W.3d at 909.

Here, Barrow has articulated at least two legal claims in support of his motion for new trial: (1) ineffective assistance of counsel and (2) newly-discovered evidence.  The issue I have with the opinions of Chief Justice Quinn and Justice Campbell is that they place the burden of proof on Barrow, the Appellee, to show that these claims would be ultimately sustainable under applicable appellate standards of review.  Chief Justice Quinn states that "[Barrow] must show that he is entitled to a new trial *under the law,"* and that his defense counsel was somehow "entitled" to appear and explain his legal strategy before being "denounced" as ineffective.  Likewise, in evaluating whether

3

Barrow's claims of ineffective assistance of counsel were supported by the record, Justice Campbell states, "[i]n sum, the trial court did not have before it evidence of conduct by [defense counsel] so outrageous that no competent attorney would have engaged in it."

This is not, however, the standard by which we must evaluate the trial court's decision in this situation. The question is not whether Barrow has established ineffective assistance of counsel under the standards of *Strickland*,[2] the question is whether there was *any* evidence of conduct by his trial counsel upon which the trial court could have reasonably made that determination. Both opinions ignore the fact that, irrespective of the ultimate legal validity of these claims, the claims themselves were supported by some evidence in the record. The trial judge was in the unique position of observing trial counsel's performance throughout the entire trial and to evaluate the arguments and evidence presented at the hearing on Barrow's motion for new trial. As such, the trial court was in the best position to judge Barrow's claims of ineffective assistance of counsel based upon a lack of appropriate preparation and the discovery of evidence previously unknown to trial counsel.[3]

---

[2] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[3] The trial court's conclusions of law specifically state:

[Defense counsel] was not adequately prepared to defend the accused against the charges. Therefore, [the defendant] did not have the effective assistance of counsel necessary to protect his rights under the Sixth and Fourteenth Amendments to the Constitution.

It was my finding that [Barrow's] attorney, . . . failed to adequately prepare for trial. His failure to investigate the alleged victim's criminal history prevented the jury from having pertinent and important information necessary to reach a fair verdict. In light of these findings, I granted [Barrow's] Motion for New Trial in the interest of justice.

4

By applying the standard that they do, Chief Justice Quinn and Justice Campbell substitute their judgment for that of the trial court and impermissibly raise the standard of persuasion on a motion for new trial to that of appellate certainty. Such a standard defers to nothing, affords the trial court absolutely no discretion, and renders meaningless the right of a trial court to exercise its discretion to grant a new trial in the interest of justice.

Deferring to the trial court's determination that Barrow did not have the effective assistance of counsel necessary to protect his rights, I would further find that there was sufficient evidence to support the trial court's implicit finding that the deficiency was sufficiently serious to affect Barrow's substantial rights. Because I do not agree with the conclusion of this Court that the trial court acted without reference to *any* guiding rules or principles, I would affirm the decision of the trial court.

Patrick A. Pirtle
Justice

Do not publish.