ACCEPTED
15-25-00119-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/5/2025 2:45 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/5/2025 2:45:32 PM
CHRISTOPHER A. PRINE
Clerk

No. 15-25-00119-CV

# In the Court of Appeals for the Fifteenth Judicial District Austin, Texas

**SFC Jeannette Jimmerson-Texas State Guard, COL Darren Fitz Gerald- Texas State Guard, and BG Joe Cave- Texas State Guard,**
*Appellants*,

v.

**San Juanita Medeles,**
*Appellee.*

On Appeal from the 459th Judicial District Court of Travis County, Texas
Honorable F. Scott McCown, Judge Presiding

## APPELLANTS' REPLY BRIEF

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief for General Litigation Division

 /s/ Denver Burris
Texas Bar No. 24138940
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone (512) 475-4105
Fax (512) 320-0667

ATTORNEYS FOR APPELLANTS

## I. REPLY BRIEF

### A. Appellants are permitted to appeal under Texas Civil Practice and Remedies Code § 51.014(c).

It is undisputed that Appellants noticed their appeal on May 21, 2025 [C.R. 648-650], following the denial of their Second Plea to the Jurisdiction by order dated May 12, 2025. C.R. 624. This is within 20 days of the interlocutory order, as required by statute. *See* TEX. R. APP. P. 26.1(b).

Appellee's brief incorrectly states that Texas Civil Practice and Remedies Code "Section 51.014(c) mandates that interlocutory appeals from pleas to the jurisdiction must be filed within 180 days of the defendant's answer or by the scheduling order deadline, whichever is later." Appellee's Brief at p. 5.

No such mandate exists in that section. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(c). There is nothing in that statute that prevents an interlocutory appeal from being sought more than 180 days after the defendant's answer. *Id*.

Similarly, none of the case law presented in the Appellee's Brief supports such a mandate or that failing to comply with § 51.014(c) is "fatal" to jurisdiction and "mandates dismissal." Appellee's Brief at p. 9.

Appellants are well within their right to pursue an appeal under Texas Civil Practice and Remedies Code § 51.014(a)(8) and have been timely in filing all pleadings at the appellate level.

**B. Plaintiff's claim is moot.**

"For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings, including the appeal.... If a case becomes moot, the parties lose standing to maintain their claims." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (citations omitted). As the plaintiff, Medeles bears the burden to establish the district court's jurisdiction over the subject matter of her case, and standing is a component of subject matter jurisdiction. *See Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993); *Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 878 (Tex. App.—Austin 2010, pet. denied).

Despite Medeles' arguments, her claims became moot during the litigation, preventing the trial court from proceeding with the litigation. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). Notably, Medeles does not make any citations to the record in her brief, a requirement for adequate briefing. *See* TEX. R. APP. P. 38.2(a)(1) (incorporating requirements of Rule 38.1(i)).

**1. Voluntary cessation exception**

Appellee argues that her claim is not mooted after the change in her discharge status because she allegedly has an "ongoing harm." Appellee's Brief at p. 6.

However, this is not the proper analysis of the *ultra vires* claim as Medeles pled it. Medeles complained that her discharge status was improper because that specific status required a court martial, and she was not afforded a court martial prior to receiving that discharge status. C.R.539. Medeles sought to have that discharge status changed. C.R.539. Medeles is not entitled to avoid any potential harm in the future, and only sought a change in the allegedly *ultra vires* designation of her discharge status. C.R.539.

It is undisputed that Medeles' discharge status was changed. C.R. 553. Medeles does not allege that the current discharge status requires a court martial or that it was an *ultra vires* act to discharge her under the current status.

Appellee's argument regarding the voluntary cessation exception also does not apply. Medeles does not suggest that there is any likelihood that the alleged ultra vires act would be expected to recur, as her employment is concluded. Accordingly, the voluntary cessation exception does not apply here, and Appellee's sole remaining claim is moot.

Appellee in her Fourth Amended Petition claims that "only an administrative discharge was permissible under the circumstances" (C.R. 535); the circumstances leading to Appellee's discharge were substantiated claims that she forged military documents, an admission in Appellee's own evidence. C.R. 157; C.R. 159. TMD acknowledged its mistake and changed Appellee's discharge status to

"administrative under dishonorable conditions". C.R. 553. Because TMD provided Appellee the exact cure she deemed acceptable, Appellee's claims are moot.

## 2. Declaratory relief

"A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)).

Appellee has not demonstrated that any of the declaratory relief she seeks in her Fourth Amended Petition breathes life into her moot claim or would resolve any existing controversy. Appellee asks for a declaration that the TMD Defendants acted outside of the scope of their authority in discharging Appellee, that "the entire process" of Appellee's discharge from TMD was retaliatory, and a declaration that Appellee be reinstated to TMD with full restoration of Appellee's rank and service record. C.R. 541. Appellee seeks this relief as a cure for TMD's failure to provide her a court marital upon her discharge. C.R. 539.

Appellee's argument here is flawed. First, Appellee does not cite to anything in the record to suggest that she was under contract with TMD at the time of her discharge, and any declaratory judgment she seeks is not proper under the UDJA because she has not asked the Court to clarify her rights with regards to any

contractual relationship with TMD identified in the record. Further, all of Appellee's requested declaratory relief falls outside the scope of the UDJA.

Second, the Texas Supreme Court has interpreted the UDJA as a procedural device for deciding cases already within a court's jurisdiction. *See Tex. Ass'n of Bus.*, at 444. Because Appellee's claim is moot, she does not have a justiciable controversy with any of the Appellants. Because Appellee does not have a justiciable controversy, the Court may not entertain her requests for declaratory relief as any declaratory relief Appellee would receive at this point would be an impermissible advisory opinion. Accordingly, Appellee's request for declaratory relief does not breathe life into her mooted lawsuit, and her remaining claim should be dismissed.

## C.      No basis to find the appeal frivolous or for sanctions.

Appellee suggests with no basis that this appeal was filed when "trial was imminent" and with "no legal basis for delay". Appellee's Brief at p. 6. Appellate courts may deem an appeal to be frivolous if the court objectively determines an appeal is frivolous after examining the "the record, briefs, or other papers filed in the court of appeals". *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App—Houston 2001, pet. denied) (quoting *Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 396-97 (Tex. App.--San Antonio 1999, no pet.)). The court will examine the issue from the viewpoint of the advocate to decide whether reasonable

grounds existed for the advocate's belief that the decision could be reversed. *Brown*, at 381.

The record in this matter plainly shows this appeal is not frivolous. Appellants timely noticed their appeal and filed their brief, showing that, at the very least, reasonable grounds for disagreement with the district court's decision exists, and that this appeal is meritorious.

Medeles suggests that this appeal was filed with intent to delay because trial was "imminent" but does not cite anything in the record to support that suggestion. Trial was not imminent, and the Court's Record does not contain anything indicating a trial setting by the Court. While Medeles argues that Appellants filed this appeal and subsequent brief as a means to delay trial court proceedings, she fails to inform the Court that she delayed trial court proceedings for nine months by proceeding with her own appeal without even filing a brief. *See Medeles v. Jimmerson*, No. 03-24-00588-CV, 2025 WL 540108, at *1 (Tex. App.- Austin Feb. 19, 2025) ("Appellant San Juanita Medeles has filed an unopposed motion to dismiss this appeal. We grant appellant's motion and dismiss the appeal"). Despite Medeles' own delay by filing an appeal without actually briefing any issues, she now accuses the Appellants of making "objectively groundless arguments" (Appellee's Brief, at p. 7) while simultaneously misrepresenting the plain language of a statute (TEX. CIV. PRAC. & REM. CODE 51.014(c)) in her brief. Appellee's Brief at p. 5.

## II. CONCLUSION

For the foregoing reasons, this Court should reverse the trial court's decision and dismiss Appellee's lawsuit. Appellee no longer has a justiciable controversy with any defendant in this lawsuit and cannot breathe life into a mooted claim.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief for General Litigation Division

*/s/ Denver Burris*
**DENVER BURRIS**
Assistant Attorney General
Texas Bar No. 24138940
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station

***ATTORNEYS FOR THE TMD DEFENDANTS***

**CERTIFICATE OF SERVICE**

I certify that that on August 5, 2025, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

**Tara P. Enohoro**
TPC ENAHORO LAW GROUP, PLLC
Cottage at 2 Old Road East
Elmsford, NY 10523
(212) 470-4080
State Bar No. 24136188
tara@tpcenahorolaw.com
**ATTORNEY FOR PLAINTIFF**

*s/ Denver Burris*
DENVER BURRIS
Assistant Attorney General

**CERTIFICATE OF COMPLIANCE**

This document complies with the requirements of Texas Rule of Appellate Procedure 9.4(i)(2)(B). The document contains 1,423 words and was prepared using Microsoft Word as part of the Microsoft Office program. This certificate complies with the requirement of Texas Rule of Appellate Procedure 9.4(i)(3).

*/s/Denver Burris*
*Attorney for Appellants*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michelle Elliott on behalf of Denver Burris
Bar No. 24138940
michelle.elliott@oag.texas.gov
Envelope ID: 103999101
Filing Code Description: Other Brief
Filing Description: 20250724_Reply Brief_Final
Status as of 8/5/2025 3:00 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| denver burris | | denver.burris@oag.texas.gov | 8/5/2025 2:45:32 PM | SENT |
| Tara  Peaches Enahoro | | tara@tpcenahorolaw.com | 8/5/2025 2:45:32 PM | SENT |

Associated Case Party: Darren Fitzgerald

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Denver Burris | | Denver.Burris@oag.texas.gov | 8/5/2025 2:45:32 PM | SENT |
| Michelle Norred | | michelle.norred@oag.texas.gov | 8/5/2025 2:45:32 PM | SENT |

Associated Case Party: San JuanitaMedeles

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Tara Enohoro | | tara@tpcenahorolaw.com | 8/5/2025 2:45:32 PM | SENT |