Ifeoma NJUKU and Me Okere, Appellants,

v.

Barbara G. MIDDLETON and Apex Financial Corporation, Appellees.

No. 05–98–01095–CV.

Court of Appeals of Texas, Dallas.

April 26, 2000.

Rodney L. Hubbard, Michael R. Boling, Raul Elizondo, Dallas, for appellees.

Me Okere, Dallas, for appellants.

Before Justices OVARD, JAMES and ROACH.

## MEMORANDUM OPINION

TOM JAMES, Justice.

In this consolidated appeal we consider the res judicata effect of a judgment entered against appellants ME and Ifeoma Njuku Okere in the 302 nd District Court of Dallas County. The trial court's October 22, 1994 judgment determined appellee Apex Financial Corporation (Apex) to be the lawfully recorded owner of real proper-

ty located at 2112 North Masters Drive in Dallas. The judgment also permanently enjoined appellants from filing any cause of action in any court in this state regarding the property. On appeal of that case, this Court issued an opinion and entered a judgment affirming the trial court's judgment. *See Okere v. Apex Fin. Corp.*, 930 S.W.2d 146 (Tex.App.-Dallas 1996, writ denied).[1]

April 4, 1997, appellants filed their first amended original petition against Apex in cause number 95–14017–U in the 302 nd Judicial District Court of Dallas County once again seeking title to and possession of the real property. The trial court dismissed appellants' suit with prejudice on April 3, 1998 because appellants lacked standing to claim an ownership interest in the property.

■■■■ To establish standing, a person must demonstrate he maintains a personal stake in the controversy at hand. *See Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984). Essentially, standing is a component of subject matter jurisdiction. *See Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 517 (Tex.1995). Therefore, we review the issue of standing as we would review the issue of subject matter jurisdiction—de novo. *See Mayhew v. Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

■■■■ Appellants appeal the trial court's order of dismissal based on lack of standing. The trial court found that, at the time appellants brought this suit, they had no standing because ME Okere had previously conveyed his interest in the property and Ifeoma Okere had forfeited the property in a sheriff's sale in 1991. Our review of the record supports the trial court's finding on the issue of standing. Accordingly, we affirm the trial court's April 3, 1998 order of dismissal.

1. In our prior opinion, we found ME Okere's acts of tampering and altering the record destroyed the integrity of the record and pre-cluded him from presenting a sufficient record for our review. *See Okere*, 930 S.W.2d at 152.

On November 13, 1997, appellants filed, in yet another case, an original petition against Apex and Barbara G. Middleton[2] in cause number 97–10199–L in the 193rd Judicial District Court of Dallas County alleging Apex and Middleton wrongfully took possession of the same real property. Apex and Middleton moved for summary judgment on the grounds of res judicata which was granted by the trial court. Appellants appeal the trial court's order granting summary judgment in this cause of action.

Res judicata, or claim preclusion, forecloses relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and could have been litigated in the prior action. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). It requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised, or could have been raised, in the first action. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

We have compared the October 22, 1994 judgment with the relevant petition, and we note (1) there exists a prior final judgment on the merits by a court of competent jurisdiction, (2) the parties are the same parties or are in privity with the original parties, and (3) the claims in the subsequent lawsuits are based on the same claims that were raised, or could have been raised, in the first action. *See Amstadt,* 919 S.W.2d at 652.

In both cases, appellees have requested this Court impose sanctions against appellants for bringing a frivolous appeal. *See* Tex.R.App. P. 45. Appellants have failed to file any response addressing appellees' request for sanctions.

This Court is authorized to award "just damages" if we determine "an appeal is frivolous" from consideration of "the record, briefs, or other papers filed in the court of appeals." *See* Tex.R.App. P. 45. " '[J]ust damages' are permitted if an appeal is objectively frivolous and injures the appellee." *Mid–Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 397 (Tex.App.-San Antonio 1999, no pet.). An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe judgment would be reversed or when an appeal is pursued in bad faith. *See Tate v. E.I. Du Pont de Nemours & Co.*, 954 S.W.2d 872, 875 (Tex. App.-Houston [14th Dist.] 1997, no pet.). Appellants' repeated attempts to relitigate issues that were decided years ago, and their repeated violations of the trial court's 1994 injunction prohibiting further lawsuits claiming title to the property, can only be viewed as bad faith attempts to encumber the title to this property through litigation. Thus, we have no hesitancy in concluding the Okeres' appeal is objectively frivolous, nor is there any doubt the Okeres' actions have injured appellees to the extent they have incurred attorney's fees in defending these appeals. Therefore, we assess $5,000 as damages against the Okeres in each case in this consolidated appeal to be divided equally among the appellees in each case.

We affirm the April 3, 1998 order of dismissal in cause number 95–14017–U, and we affirm the June 25, 1998 order granting summary judgment in cause number 97–10199–L. We also assess sanctions against appellants for filing frivolous appeals.

---

**2.** The record indicates Barbara Middleton was named as a defendant because she is the tenant who was leasing the property from Apex at the time the lawsuit was filed.