**PORT ARTHUR INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**KLEIN & ASSOCIATES POLITICAL RELATIONS, A Division of Klein Investments, Klein Investments, and Phillip R. Klein, Appellees.**

No. 09–01–239 CV.

Court of Appeals of Texas, Beaumont.

Submitted Dec. 13, 2001.

Decided Feb. 14, 2002.

---

Christopher B. Gilbert, Bracewell & Patterson, L.L.P., Houston, for appellant.

J. Keith Stanley, Buna, for appellees.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

The question presented is whether a governmental unit may sue for defamation. The answer is no.

### THE CASE

The *SouthEast Texas Political Review,* a website owned by Klein & Associates, published a story by Philip Klein.   In the

*Review*, Klein stated that a "huge fight" had occurred at a prom sponsored by Thomas Jefferson High School, a school within the Port Arthur Independent School District ("PAISD"). The school district sued Philip R. Klein and Klein and Associates Political Relations, a Division of Klein Investments, Inc., (collectively the "Klein defendants")[1] for defamation.

Initially, the trial court granted summary judgment for the Klein defendants on five grounds, one of which was that PAISD's claims were prohibited by the First Amendment. PAISD filed a motion for new trial. The trial court granted the motion for new trial and issued an amended order granting summary judgment for the Klein defendants solely on the First Amendment issue and denying all other grounds. On appeal, PAISD asks this court to reverse the summary judgment, remand the case for trial, and order the Klein defendants to reveal their sources of information quoted in the article.

## STANDARD OF REVIEW

■ The issue of whether a governmental unit may sue for defamation is a question of law; appellate courts review questions of law *de novo*. *See generally New York Times Co. v. Sullivan*, 376 U.S. 254, 291, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *see also El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex. 1999) (questions of law reviewed *de novo* ).

## ANALYSIS

The law at issue here is settled. This is not a suit brought by a public official;

rather it is a suit filed by a unit of the State. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3)(B) (Vernon Supp.2002); TEX. ELEC.CODE ANN. § 1.005(13) (Vernon Supp. 2002); TEX. LAB.CODE ANN. § 504.001(3) (Vernon 1996). In distinguishing a suit brought by a governmental unit from a suit filed by a government official, the United States Supreme Court has stated as follows: "For good reason, 'no court of last resort in this country has ever held, or even suggested, that prosecutions for libel on government have any place in the American system of jurisprudence.'" *Sullivan*, 376 U.S. at 291, 84 S.Ct. at 732, 11 L.Ed.2d at 713 (quoting *City of Chicago v. Tribune Co.*, 307 Ill. 595, 139 N.E. 86, 88 (1923)). In commenting on *Sullivan* in a later case, the Supreme Court viewed with disapproval "the spectre of prosecutions for libel on government, which the Constitution does not tolerate in any form." *Rosenblatt v. Baer*, 383 U.S. 75, 81, 86 S.Ct. 669, 673, 15 L.Ed.2d 597, 603 (1966). In *Rosenblatt*, the Court held that a claim that a newspaper column cast indiscriminate suspicion on the members of a government-employed management group was "tantamount to a demand for recovery based on libel of government, and therefore [was] constitutionally insufficient." *Id.* at 83, 86 S.Ct. at 674, 15 L.Ed.2d at 604. The few other courts which have considered whether government can sue for libel have concluded that a governmental entity cannot maintain such an action.[2]

■ Appellant contends the language in *Sullivan* was *dicta* and therefore not bind-

---

**1.** PAISD did not sue *Southeast Texas Political Review* as a separate entity, but the summary judgment and appellate briefs name the website separately. We make no distinction in this opinion between the website and the Klein defendants.

**2.** *See, e.g., Edgartown Police Patrolmen's Ass'n v. Johnson*, 522 F.Supp. 1149 (D.Mass.1981); *City of Philadelphia v. Washington Post Co.*, 482 F.Supp. 897 (E.D.Pa.1979); *City of Chicago v. Tribune Co.*, 307 Ill. 595, 139 N.E. 86 (1923). *See also* J.A. Bryant, Jr., Annotation, *Right of Governmental Entity to Maintain Action for Defamation*, 45 A.L.R.3d 1315 (1972).

ing legal precedent. We disagree. The nation's highest court quoted with unmistakable approval the applicable constitutional principle as an integral part of its analysis of the second issue before the Court—the constitutional insufficiency of the evidence. The Court described its two holdings as follows:

> We hold that the rule of law applied by the Alabama courts is constitutionally deficient for failure to provide the safeguards for freedom of speech and of the press that are required by the First and Fourteenth Amendments in a libel action brought by a public official against critics of his official conduct. We further hold that under the proper safeguards the evidence presented in this case is constitutionally insufficient to support the judgment for respondent.

*Sullivan,* 376 U.S. at 264–65, 84 S.Ct. at 717–718, 11 L.Ed.2d at 697 (footnote omitted). In *Sullivan,* the bedrock principle on which the analysis of the second issue is constructed is that libel suits by the government against its citizens are disallowed. *Id.* at 291, 84 S.Ct. at 732, 11 L.Ed.2d at 713. Based on that foundational rule of law, the Supreme Court held that a public official, who filed suit against a newspaper for criticism of his official conduct, could not transform what was solely criticism of the government itself into personal criticism of his official conduct. *Id.* at 291–92, 84 S.Ct. at 732–733, 11 L.Ed.2d at 713–714. The Court stated, "We hold that such a proposition may not constitutionally be utilized to establish that an otherwise impersonal attack on governmental operations was a libel of an official responsible for those operations." *Id.* at 292, 84 S.Ct. at 732, 11 L.Ed.2d at 713. A government official may sue for libel; as the Supreme Court held in *Sullivan* and *Rosenblatt,* a public official may recover damages for a "defamatory falsehood" made with actual malice, if the attack is specifically directed at the official. *See Sullivan,* 376 U.S. at 279, 84 S.Ct. at 726, 11 L.Ed.2d at 706; *see also Rosenblatt,* 383 U.S. at 81, 86 S.Ct. at 673, 15 L.Ed.2d at 603. But here, there is no public official plaintiff; and the government itself cannot sue for libel.

■ This court agrees that prosecutions for libel on government have no place in the jurisprudence of the United States of America. If the government is permitted to use public resources to bring defamation claims against its critics, criticism of government will be silenced through, at the very least, fear of monetary loss. PAISD's argument, taken to its logical conclusion, "strikes at the very center of the constitutionally protected area of free expression." *See Sullivan,* 376 U.S. at 292, 84 S.Ct. at 732, 11 L.Ed.2d at 713.

■ PAISD presents a number of arguments in support of its contention that a school district should be able to sue for defamation. The district "believe[s]" Klein made "false and defamatory" statements and maintains the statements have adversely affected its reputation. PAISD argues reputation is important to a school district because of the increasing competition among public, private, charter, and home schools for students. The district also maintains that since Klein does not reside within the district's boundaries, or "geographical jurisdiction," he somehow lacks (or an exception should be made to that effect) the right to criticize or comment on matters concerning the district. PAISD also directs us to recent cases that it contends have "<u>permitted</u> lawsuits by school districts to proceed when the school districts sued private citizens for making false statements about the districts." *See Dallas Indep. Sch. Dist. v. Finlan,* 27 S.W.3d 220, 238 (Tex.App.-Dallas 2000, pet. denied), *cert. denied,* — U.S. —, 122 S.Ct. 342, 151 L.Ed.2d 258 (2001);

*Linzy v. Cedar Hill Indep. Sch. Dist.*, No. CIV.A.3:00CV1864–AH, 2001 WL 912649 (N.D.Tex. Aug.8, 2001).

We reject these arguments. Neither of the two cases that PAISD cites holds that the government may sue for defamation. We also reject PAISD's suggestion that an individual relinquishes First Amendment protections simply because the individual lives outside the boundaries or "geographical jurisdiction" of the governmental unit being criticized. And the importance of maintaining a government's good reputation does not justify permitting the government to attack its critics by defamation suits. No basis exists for a contrary ruling on this settled issue; the government may not silence its critics by defamation suits. The trial court properly granted summary judgment on First Amendment grounds.

PAISD's first point of error has no merit and is overruled. PAISD's second point of error, demanding access to Klein's sources, is contingent on our sustaining the first point of error; the second point of error is overruled as moot as a result of this court's agreement with the summary judgment.

■ Appellees ask that the appeal be labeled frivolous and that "just damages" be assessed against the school district pursuant to Tex.R.App. P. 45. Although we are troubled by the monetary cost of defending against this appeal, and although we find the language in *Sullivan* controlling, we nevertheless believe this specific appeal was a "good-faith challenge to the trial court's judgment." *See In re Long*, 946 S.W.2d 97, 99 (Tex.App.-Texarkana 1997, no writ). Appellees' request is denied.

The judgment of the trial court is AFFIRMED.

DON BURGESS, Justice, concurring.

In this specific case, I concur in the result only. I write to note that the majority may have painted with too broad a brush when they pose the question "whether a governmental unit may sue for defamation" and answer unequivocally "no".

I believe there may be a circumstance where the alleged defamation of a governmental unit may be actionable, particularly where the governmental unit is solely performing a proprietary function. Consequently, I would restrict this holding to these specific parties and facts.[1]

RONALD L. WALKER, Chief Justice, concurring.

I strongly agree in holding that the First Amendment bars defamation suits by government entities. "This action is out of tune with the American spirit, and has no place in American jurisprudence." *City of Chicago v. Tribune Co.*, 307 Ill. 595, 139 N.E. 86, 91 (1923). However, I write separately contending that this appeal is frivolous and sanctions should be leveled.

Texas Rule of Appellate Procedure 45 authorizes us, after giving notice and opportunity for response, to award "just damages" for the filing of a frivolous appeal. Tex.R.App. P. 45. I cannot find and do not believe that there is here a "good faith challenge" to existing law. Furthermore, two of our sister courts have held that Tex.R.App. P. 45, unlike its predecessor Tex.R.App. P. 84, does not require proof of subjective bad faith on the part of an appellant; instead, an appeal can be

---

1. E.g. "Our consideration is limited to the present circumstances, for the problem of equal protection in election processes generally presents many complexities". *Bush v. Gore*, 531 U.S. 98, 109, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000).

frivolous because it is filed with no reasonable hope of reversal. *Mid–Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 397 (Tex.App.-San Antonio 1999, no pet.)("Under the current rule, 'just damages' are permitted if an appeal is objectively frivolous and injures the appellee.... Bad faith is thus no longer dispositive or necessarily even material."); *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex.App.-Houston [1st Dist.] 2001, pet. denied)("We hold that bad faith is not required under Rule 45 and disavow language to the contrary ...")[1] Other courts have implicitly agreed by holding that sanctions are justified if an appeal was filed without reasonable hope of reversal *or* in bad faith. *Njuku v. Middleton*, 20 S.W.3d 176, 178 (Tex. App.-Dallas 2000, pet. denied); *Diana Rivera & Assocs. v. Calvillo*, 986 S.W.2d 795, 799 (Tex.App.-Corpus Christi 1999, pet. denied).

Appellants' counsel did a skillful job of defending an indefensible position. However, as the majority states, "No basis exists for a contrary ruling on this settled issue[.]" Under Rule 45, as under Rule 84, I look at an allegedly frivolous appeal through the eyes of an advocate and discern whether the appellant had reasonable grounds to believe that the case would be reversed. *Smith*, 51 S.W.3d at 381; *Jim Arnold Corp. v. Bishop*, 928 S.W.2d 761, 772 (Tex.App.-Beaumont 1996, no pet.). By this standard, this appeal is objectively frivolous; no reasonable attorney could fail to conclude this court would uphold the trial court's summary judgment. And it has unquestionably harmed the appellees to the degree that they have incurred legal fees to defend against it. All spurious appeals are offensive; this one is worse than most because of the chilling effect

that the threat of such litigation has upon the exercise of First Amendment rights. I would give notice to appellants to show cause why they should not be subject to a sanction at least equal to appellee's attorney's fees on appeal. *See Mid–Continent*, 2 S.W.3d at 397; *Calvillo*, 986 S.W.2d at 799. Since I stand alone, I shall go hence without day.

---

1. *Smith* is noteworthy because it is an *en banc* decision which explicitly disavows "bad faith" language in several of the 1st Court's recent panel opinions. *Id.* at 381; note following sentence affirming the trial court's judgment. *Id.* at 382.