ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 12, 2011

Mr. Robert Scott
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0878

Re: Authority of an independent school district to defray the legal expenses of an administrator who files an action for defamation (RQ-0953-GA)

Dear Commissioner Scott:

You ask whether an independent school district may defray the legal expenses of an administrator who files a lawsuit against a third party for defamation.[1]

A letter from an attorney representing the school district in question explains that "[o]ne or more of the District's administrators have been subject to stories in local media, alleging improprieties in connection with student testing, student admissions and attendance, etc."[2] The letter indicates that "[t]he stories have had the tendency to injure the reputation not only of the administrators, but of the District itself," and that "[t]he Board of Trustees believes that the District itself has been defamed[.]" Safi Letter at 1–2. The letter asks us to "assume that the Board believes that the expenditure in funding the plaintiff's lawsuit would be in the District's interest, and not merely in the employee's personal interest." Id. at 3.

This is a case of first impression in Texas. No judicial decision or attorney general opinion has heretofore considered a situation in which a governmental body seeks to pay or reimburse its employee's legal expenses for bringing a lawsuit as a private party plaintiff.

When the employee is a defendant, we have said that a "school board's authority to employ an attorney for a trustee sued in an individual capacity is limited to situations where the district's interests, and not merely the trustee's personal interests, require assertion or defense in court." Tex. Att'y Gen. Op. No. GA-0104 (2003) at 4 (citations omitted). As we have noted, the attorney for the

---

[1]Letter from Mr. Robert Scott, Commissioner of Education, Texas Education Agency, to Honorable Greg Abbott, Attorney General of Texas (Mar. 15, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]Letter from S. Anthony Safi, Mounce, Green, Myers, Safi, Paxson & Galatzan, to Mr. Robert Scott at 1 (Jan. 24, 2011) (attached to Request Letter), https://www.oag.state.tx.us/opin/index_rq.shtml ("Safi Letter").

school district argues that the plaintiff-employee's contemplated legal action "would be in the District's interests." Safi Letter at 3.

However, as the attorney for the district acknowledges, "the District itself does not have standing to file a defamation case on its own behalf." *Id.* at 2. In a Texas court of appeals case, the court considered whether a governmental body—in that case an independent school district—may sue for defamation. *See Port Arthur Indep. Sch. Dist. v. Klein & Assocs. Political Relations,* 70 S.W.3d 349, 351 (Tex. App.—Beaumont 2002, no pet.). After observing that the matter is "a question of law," the court held that a governmental body is prohibited from filing an action for defamation. *Klein,* 70 S.W.3d at 353. Relying on the United States Supreme Court's decision, *New York Times v. Sullivan,* 376 U.S. 254 (1964), the *Klein* court declared:

> In distinguishing a suit brought by a governmental unit from a suit filed by a government official, the United States Supreme Court has stated as follows: "For good reason, 'no court of last resort in this country has ever held, or even suggested, that prosecutions for libel on government have any place in the American system of jurisprudence.'"

*Klein,* 70 S.W.3d at 351 (quoting *Sullivan,* 376 U.S. at 291).

The fact that a governmental body is itself proscribed from bringing an action for defamation means that the administrators at issue here may not do so on the district's behalf—or with funding from the district. Because the United States Supreme Court has said that governmental bodies may not bring defamation lawsuits, the governmental body's employee may not attempt to circumvent that prohibition by bringing a personal lawsuit with funding from the governmental body because doing so would necessarily be limited to the employee's personal interests.[3] The district's use of its resources to advance an employee's personal interests fails the test for financial support or reimbursement articulated in Attorney General Opinion GA-0104 (2003).[4] Thus, we conclude that an independent school district may not defray the legal expenses of an administrator who files a private defamation lawsuit that advances his or her personal interests.

---

[3]In a recent decision, the Texas Supreme Court held that, because a hospital that has been paid by a workers' compensation carrier is barred by statute from pursuing a claim against the covered patient for the remaining charges, a hospital may not file a lien against the patient's property to recoup the remaining charges because it "cannot accomplish indirectly (by filing a lien) what [it] could not do directly (by filing suit)." *Daughters of Charity Health Servs. of Waco v. Linnstaedter,* 226 S.W.3d 409, 410 (Tex. 2007).

[4]Moreover, it might be questioned whether reimbursement to an employee who acts as a *plaintiff* is ever proper. Unlike an employee who is sued as a *defendant,* a plaintiff employee is not required to incur any legal expenses on behalf of his governmental body. And in the present instance, the administrator is attempting to raise an issue—defamation—which his employer would be barred *ab initio* from raising in a legal action.

## S U M M A R Y

An independent school district may not defray the legal expenses of an administrator who files an action for defamation.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee