**AFFIRM; and Opinion Filed July 10, 2013.**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-12-00685-CV

**MATTHEW JENKINS AND J.W. JENKINS, Appellants**
**V.**
**STEWART TITLE COMPANY AND JPMORGAN CHASE BANK, N.A., Appellees**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-12-03062-E**

# MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Lewis

This lawsuit involves the purported purchase of residential real estate by appellants Matthew and J.W. Jenkins, who are cousins and business partners. The trial court granted summary judgment against appellants and in favor of appellees Stewart Title Company ("Stewart Title") and JPMorgan Chase Bank, N.A. ("Chase"). Appellants moved to reconsider both summary judgments; the trial court overruled their motions. In two issues, appellants contend the trial court erred in overruling the motions to reconsider. After reviewing appellants' issues, we conclude the dispositive issues are clearly settled in law, so we issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4. The factual nature of this case, as well as its procedural history, pleadings, and evidence are well known to the parties. Therefore, we do not recount these matters in detail. We affirm the trial court's judgment.

## Background[1]

Appellants contend they were seeking to purchase residential investment property subject to foreclosure. A broker helped appellants identify the property at issue in this suit, and appellants contend they negotiated a price of $250,000 for it. Appellant Matthew Jenkins traveled to Mississippi, as he was instructed, to close on the purchase. He executed the closing documents, but he later realized that the sales contract identified the sale price as $349,000 and the documents identified only Matthew as a contracting party. Appellants contend they notified all relevant parties that they were cancelling the transaction and they were told the erroneous documents would be investigated and fixed. But the transaction was not cancelled—Stewart Title closed on the disputed sale, and Chase accepted assignment of the funded loan. Appellants refused to pay on the loan, and Chase eventually foreclosed on the property. Appellants contend the failure to cancel the transaction and the subsequent foreclosure on the property have damaged their credit and caused them mental anguish.

Appellants sued not only Stewart Title and Chase, but also their realtor, broker, seller, and original lender. The trial court granted summary judgment in favor of Stewart Title and Chase; it denied appellants' motions to reconsider both summary judgments. The court then severed appellants' claims against Stewart Title and Chase, and appellants brought this appeal.

## Reconsideration of Summary Judgments

This appeal involves both traditional and no evidence summary judgment motions. In a traditional motion, the party moving for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). A

---

[1] Our factual background is taken from appellants' live pleading. When reviewing a motion for summary judgment, we take the nonmovant's evidence as true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in favor of the nonmovant. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In this case, as we discuss below, the nonmovant appellants did not timely present any summary judgment evidence.

traditional movant has the burden of proving all essential elements of its cause of action or defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). By contrast, when a party moves for summary judgment under rule 166a(i), asserting that no evidence exists as to one or more elements of a claim on which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present enough evidence to raise a genuine issue of material fact on each of the challenged elements. TEX. R. CIV. P. 166a(i); *Gen. Mills Rest., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex. App.—Dallas 2000, no pet.). If the nonmovant fails to do so, the trial judge must grant the motion. *Id.* In both traditional and no evidence proceedings, the nonmovant—except on leave of court—must file its response not later than seven days prior to the date of the summary judgment hearing. *See* TEX. R. CIV. P. 166a(c); *Crooks v. Moses*, 138 S.W.3d 629, 635–636 (Tex. App.—Dallas 2004, no pet.).

We review a motion to reconsider a prior summary judgment for an abuse of discretion. *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). After a trial court has granted a summary judgment motion, the court generally has no obligation to consider additional motions on the issues adjudicated by the summary judgment. *See id.* But a motion for leave to file a late summary judgment response should be granted if the nonmovant establishes good cause by showing that (1) its failure to respond in a timely fashion was caused by accident or mistake and was not intentional or the result of conscious indifference, and (2) allowing the late response will cause no undue delay or otherwise injure the summary judgment movant. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002).

### Stewart Title's Motion

In their first issue, appellants contend the trial court erred in overruling their request for reconsideration of the summary judgment in favor of Stewart Title. Appellants' live pleading set

forth claims against Stewart Title for negligent misrepresentation and breach of fiduciary duty.

Appellants' factual allegations were limited to this statement: "Upon information and belief, Stewart Title and/or its agent in Mississippi, closed on the disputed sale even after being told that the sale was cancelled." Stewart Title filed a no evidence summary judgment motion, contending there was no evidence that:

a. Prior to closing the subject transaction, [Stewart Title] was notified to not close the subject transaction.

b. Prior to closing the subject transaction, [Stewart Title's] alleged "agent in Mississippi" was notified to not close the subject transaction.

c. [Stewart Title] closed the subject transaction after being notified that the transaction was cancelled.

d. [Stewart Title's] alleged "agent in Mississippi" closed the subject transaction after being notified that the transaction was canceled.

e. [Stewart Title] had an "agent in Mississippi" in connection with the subject transaction.

f. [Stewart Title] had any legal obligation or duty to not complete the closing of the subject transaction if notified by either [appellant] (after he/they executed all of the closing documents) that the transaction was canceled.

g. [Stewart Title] made any misrepresentations to the [appellants], or either of them.

h. [Stewart Title] breached any fiduciary duty to the [appellants], or either of them.

This motion was legally sufficient to invoke rule 166a(i)'s requirement that appellants come forward with sufficient evidence to raise a genuine issue of material fact on each of the challenged elements. *See Gen. Mills Rest., Inc.*, 12 S.W.3d at 832. But appellants filed no response to Stewart Title's motion. The trial court granted summary judgment, ordering that appellants take nothing by their claims against Stewart Title and dismissing those claims with prejudice. *See id.* (if nonmovant does not come forward with sufficient evidence to raise genuine issue of material fact on each challenged issue, trial court must grant motion).

–4–

A month after the court's summary judgment order, appellants filed a Motion for Reconsideration of Defendant Stewart Title Company's No-Evidence Motion for Summary Judgment. The motion purported to offer summary judgment evidence in response to Stewart Title's motion, but it did not seek leave of court to file the evidence, and it made no attempt to establish good cause for appellants' failure to respond in accordance with the rules. The trial court denied the motion. More than six months after the trial court's summary judgment order, appellants filed their Second Motion for Reconsideration of Stewart Title Company's No-Evidence Motion for Summary Judgment (the "Second Motion"), again purporting to offer evidence defeating Stewart Title's motion, but again neglecting to ask for leave of court and making no showing of good cause for failing to respond to the motion in a timely fashion. The trial court denied the Second Motion as well.

In this Court, appellants argue that they produced sufficient evidence in their Second Motion to raise a genuine issue of material fact on each element of their negligent misrepresentation and breach of fiduciary claims. However, we need not address the sufficiency of any evidence offered with the Second Motion, because that evidence was never before the trial court. Appellants have never sought leave of court to file evidence late and have never attempted to make a showing of good cause for their failure to respond to Stewart Title's no evidence motion in a timely fashion. Accordingly, the trial court correctly denied their Second Motion. *See, e.g., Carpenter*, 98 S.W.3d at 688; *see also Macy*, 294 S.W.3d at 651.

Appellants contend on appeal that Stewart Title did not move for summary judgment on their declaratory judgment claim, so summary judgment on that claim was inappropriate. Appellants' declaratory judgment claim stated in its entirety:

> 41. Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff Matthew Jenkins requests that this court consider the terms of the contract the subject of this case, and find that (a) there is no legally enforceable contract between Defendants Universal and Chase and, (b) that the Deed, Deed of

Trust, and the Note are null and void, and (c) any other declaratory relief necessary and proper in order to determine the legal rights and liabilities of the parties.

Nothing in that pleading gives notice that appellants were making a declaratory judgment claim against Stewart Title. And nothing in appellants' factual allegation against Stewart Title—i.e., that it closed on the real estate purchase though told not to do so—is related to the declaratory judgment sought in appellants' pleading. We conclude appellants made no cognizable declaratory claim against Stewart Title. Thus, Stewart Title had no reason to seek summary judgment on such a claim.

We discern no abuse of discretion in the trial court's decision to overrule the Second Motion. We overrule appellants' first issue.

### Chase's Summary Judgment Motion

In their second issue, appellants contend the trial court erred in overruling their request for reconsideration of the summary judgment in favor of Chase. Chase's combined traditional and no evidence summary judgment motion addressed all of the claims asserted against it by appellants: breach of the common law duty of unreasonable collection efforts, intentional infliction of emotional distress, invasion of privacy, defamation, and declaratory judgment. Appellants made no response to Chase's summary judgment motion, and the trial court granted judgment in Chase's favor on all of appellants' claims. Three weeks later, appellants filed their Motion for Reconsideration of Defendant JPMorgan Chase Bank, N.A.'s Traditional and No-Evidence Motion for Summary Judgment and Motion for New Trial. In this motion, appellants purported—as they had in Stewart Title's case—to offer summary judgment evidence sufficient to defeat Chase's motion. But appellants failed again to seek leave of court, and they made no attempt to show good cause for their untimely presentation of evidence. The trial court denied appellants' motion to reconsider.

In this Court, appellants challenge only the trial court's failure to grant their motion to reconsider as to their declaratory judgment claim against Chase. The declaratory judgment claim was part of Chase's traditional summary judgment motion, so even though appellants made no response, the motion must be legally sufficient to survive review. "Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Chase's motion stated:

> **E. Matthew's requests for declaratory judgment and equitable relief fail as a matter of law.**
>
> Matthew's requests for declaratory judgment and equitable relief fail as a matter of law. Matthew seeks a declaration that: (a) there is no legally enforceable contract "between" defendants Universal and Chase;* and (b) the Deed, Deed of Trust, and Note are null and void. There is no legal justification for such a declaration. Undisputed evidence proves Matthew signed the Note and Deed of Trust and that no fraudulent statements were made concerning the nature of the Note and Deed of Trust to induce Matthew to sign them. See Ex. 4, 5. Even if the New Home Contract was procured by fraud, the Note and Deed of Trust are separate, valid, and enforceable agreements. *See Shenandoah Assocs. v. J&K Props., Inc.*, 741 S.W.2d 470, 482 (Tex. App—Dallas 1987, writ denied).
>
> * Plaintiffs admit Universal assigned the loan to Chase. Ex. 3 ¶18. Chase therefore interprets Matthew's request for a declaration that there is no legally enforceable agreement "between" defendants Universal and Chase as a request for a declaration that the Note and Deed of Trust are not enforceable.

Chase's summary judgment record contains the note and deed of trust, signed by Matthew Jenkins, which are evidence of his indebtedness. And appellants have not pleaded any wrongdoing by Chase that would cause the note or deed of trust to be unenforceable. Thus, the motion is legally sufficient to establish Chase's right to judgment. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. If appellants wished to rely on an affirmative defense to Chase's claim on the executed instruments, they were required to come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). But appellants filed no timely

response and no timely summary judgment evidence that could raise such a fact issue. Appellants' untimely evidence, offered without seeking leave of court or making a showing of good cause for the delay in its production, was never before the trial court and cannot serve to defeat Chase's right to judgment as a matter of law. *See, e.g., Carpenter*, 98 S.W.3d at 688; *see also Macy*, 294 S.W.3d at 651.

We conclude the trial court did not abuse its discretion in denying appellant's motion to reconsider Chase's motion for summary judgment. We overrule appellants' second issue.

### Motion for Damages for Frivolous Appeal

Stewart Title has filed a Motion for Damages for Frivolous Appeal. We are authorized to award "just damages" if an appeal is objectively frivolous and injures the appellee. *Njuku v. Middleton*, 20 S.W.3d 176, 178 (Tex. App.—Dallas 2000, pet. denied). An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe the judgment would be reversed or when an appeal is pursued in bad faith. *In re A.W.P.*, 200 S.W.3d 242, 245 (Tex. App.—Dallas 2006, no pet.). We will impose sanctions only under circumstances we find truly egregious. *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 205 (Tex. App.—Dallas 2011, no pet.).

We decline to find appellants' appeal frivolous under the facts of this case.

### Conclusion

We have decided appellants' issues against them. We affirm the trial court's judgment.


/David Lewis/
_____
DAVID LEWIS
JUSTICE

120685F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW JENKINS AND J.W.
JENKINS, Appellants

No. 05-12-00685-CV       V.

STEWART TITLE COMPANY AND
JPMORGAN CHASE BANK, N.A.,
Appellees

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-12-03062-E.
Opinion delivered by Justice Lewis.
Justices Moseley and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees STEWART TITLE COMPANY and JPMORGAN CHASE BANK, N.A. recover their costs of this appeal from appellants MATTHEW JENKINS AND J.W. JENKINS.

Judgment entered this 10th day of July, 2013.

/David Lewis/
DAVID LEWIS
JUSTICE